(No. 57171.–

FIRST NATIONAL BANK OF WAUKEGAN, Trustee, Appellee, v. STANLEY T. KUSPER, JR., County Clerk, Appellant.

*Opinion filed September 23, 1983.—Rehearing denied December 2, 1983.*

Richard M. Daley, State's Attorney, of Chicago (Jane Clark Casey, Deputy State's Attorney, and Thomas J. McNulty, Assistant State's Attorney, of counsel), for appellant.

Bernard Allen Fried, of Chicago, for appellee.

JUSTICE WARD delivered the opinion of the court:

This appeal is from a judgment of the circuit court of Cook County holding unconstitutional Public Act 81—

1076 (1979 Ill. Laws 4091), an amendment to section 235a of the Revenue Act of 1939, the section commonly known as the Scavenger Act (Ill. Rev. Stat. 1979, ch. 120, par. 716a (eff. July 1, 1980)). The judgment was entered in a declaratory judgment action filed in the name of the plaintiff trustee in behalf of the beneficiary, who owned real property that was sold pursuant to the Scavenger Act, against Stanley T. Kusper, Jr., the clerk of Cook County. Because the circuit court held a statute unconstitutional, the clerk's appeal was taken directly to this court. 73 Ill. 2d R. 302(a).

The Scavenger Act is one of the several legislative means provided for the collection of delinquent taxes under the Revenue Act of 1939 (Ill. Rev. Stat. 1979, ch. 120, par. 482 *et seq.*) (the Revenue Act). (See generally, Lawlor, *Real Property Tax Delinquency and the Rehabilitation of Multi-Family Housing Stock in Chicago, Illinois: The Role of the Collection Provisions of the Illinois Revenue Act*, 26 DePaul L. Rev. 1, 5 (1976) (hereafter Lawlor).) The Scavenger Act provides for a judgment for the sale to the highest bidder of "lots upon which all or a part of the general taxes for each of 5 or more years are delinquent ***." Ill. Rev. Stat. 1979, ch. 120, par. 716a.

A sale under the Scavenger Act is a sale of the property to the highest bidder "notwithstanding the bid may be less than the full amount of taxes, special taxes, special assessments, interest, penalties and costs for which judgment has been entered." (Ill. Rev. Stat. 1979, ch. 120, par. 716a.) In this respect, it differs from the annual sale of tax-delinquent property under section 235 of the Revenue Act (Ill. Rev. Stat. 1979, ch. 120, par. 716), which the county collector is required to conduct each year. The annual sale, which is the initial device for collecting unpaid tax debts, is a sale for the full amount of taxes owed on properties for which taxes have not been

paid in any one year.

The purchaser at either of these tax sales may petition the circuit court to direct the county clerk to issue a tax deed for the property if the owner does not redeem it. Under section 266 of the Revenue Act (Ill. Rev. Stat. 1979, ch. 120, par. 747), which applies to both annual sales and scavenger sales, the petition is to be filed prior to the expiration of the period within which the owner may redeem the property. That section also requires that the purchaser give notice of the filing of this petition and of the date upon which he intends to apply for a deed pursuant to the petition to the owner, occupants of the property, and others interested in the property.

The right of the owner to redeem his property after a tax sale is assured by the Constitution of Illinois and is governed by provisions of the Revenue Act. The statutory and constitutional provisions in effect at the time of the scavenger sale of the plaintiff's property, which took place on August 29, 1980, provided that, with certain exceptions not applicable here, property sold at a tax sale could be redeemed within two years from the date of the sale. (Ill. Ann. Stat., 1970 Const., art. IX, sec. 8(a), Constitutional Commentary, at 233 (Smith-Hurd 1971); Ill. Rev. Stat. 1979, ch. 120, par. 734.) (The period of redemption has since been shortened for certain types of properties sold at a scavenger sale. Ill. Ann. Stat., 1970 Const., art. IX, sec. 8 (1981), as amended eff. Jan. 1, 1981 (Smith-Hurd Supp. 1982); Ill. Rev. Stat. 1981, ch. 120, par. 734.)

Property sold at the annual sale may be redeemed by paying the amount for which the property was sold plus an interest penalty. (Ill. Rev. Stat. 1979, ch. 120, par. 734.) Prior to Public Act 81—1076 (hereafter the amendment), which became effective on July 1, 1980, the Scavenger Act provided, apart from a minor difference regarding the interest penalty, that "[r]edemptions may be

made from [scavenger] sales *** in the same manner and upon the same terms and conditions as redemptions from [annual] sales ***." (Ill. Rev. Stat. 1979, ch. 120, par. 716a.) This meant that in redemptions from a scavenger sale, unlike cases of redemptions from an annual sale, the full amount of taxes owed need not be paid by the owner in order to redeem the property. The reason for the difference is, as we have stated, that a bid at the scavenger sale, unlike a bid at the annual sale, may be for less than the full amount of taxes due. Remarkably, on the 6,000 items of property sold at scavenger sales between 1967 and 1973 the average bid was only $143. Lawlor, 26 DePaul L. Rev. 1, 8 (1976).

The amendment, which we consider here, adds two provisions to the Scavenger Act. First, it provides that, in order to obtain a certificate of purchase at a scavenger sale, a purchaser must deliver to the county clerk an affidavit stating that at the sale he did not bid on property for which he is the party, or the agent of the party, responsible for paying the delinquent taxes. The constitutionality of that provision was not challenged.

The other provision, which the circuit court held invalid, adds the following paragraph to the Scavenger Act following the part of the statute providing for redemption under the same terms as those applicable to the annual sale:

> "For sales taking place after January 1, 1980, notwithstanding the above, except for single family residential units, the amount required to be paid for redemption shall also include an amount equal to all delinquent taxes on such property which taxes are delinquent at the time of sale. All amounts received in excess of the amount required to be paid for redemption shall be apportioned by the county among the taxing districts in which such property is situated." 1979 Ill. Laws 4093.

The real plaintiff in interest here, that is, the beneficiary, who is a property owner whose tax-delinquent prop-

erty was sold in a scavenger sale, charged that the amendment was unconstitutionally vague, a deprivation of the constitutionally protected right of redemption in violation of due process and equal protection, and an impairment of the obligation of contracts. Too, the plaintiff said that the exception in favor of single-family residential units was a violation of the right to equal protection, was arbitrary and capricious, and a violation of the prohibition against special-privilege legislation set out in article I, section 16, of our constitution (Ill. Const. 1970, art. I, sec. 16). The judgment of the circuit court that the amendment was unconstitutional was solely upon the ground that the exception for single-family residential units was an unconstitutionally vague classification. It did not find merit in the other grounds advanced by the plaintiff.

Before we may consider the correctness of the circuit court's disposition of the constitutional question, we must resolve certain procedural issues. Although the clerk urges that we, in any event, consider the important constitutional question raised on his appeal, he submits three procedural contentions that, if accepted, would make it unnecessary to decide the constitutional issue. The clerk maintains (1) that the plaintiff lacks standing to challenge the amendment and that the question is now moot; (2) that declaratory relief was not proper here; and (3) that the plaintiff is barred by collateral estoppel from asserting that the statute violates the right of redemption. We agree that the question has become moot and shall not reach the other questions in the appeal.

The property of the plaintiff was sold at a scavenger sale, and the sale was confirmed by the circuit court. The plaintiff then sought to redeem the property from the sale by tendering to the clerk $24.08, which amount included the amount bid on the property at the sale, which was $17, plus interest and costs. The clerk refused the tendered amount, however, stating that the amount required to re-

deem was $429.62. The clerk's calculation was pursuant to the amendment, and included the total of delinquent taxes due at the time of the sale.

While there may have been an active or live controversy between the parties at the time the action was brought by the plaintiff, the defendant's contention that subsequent events rendered the issue moot is correct. The clerk points out that the statutory time for redemption has expired and that the purchaser at the sale did not petition the circuit court to order the issuance of a tax deed in the event the property was not redeemed. We may, of course, take judicial notice of facts showing that a controversy no longer exists. *Bluthardt v. Breslin* (1979), 74 Ill. 2d 246, 250.

As stated, under section 266 of the Revenue Act (Ill. Rev. Stat. 1981, ch. 120, par. 747), the petition for a tax deed must be filed before the expiration of the period of redemption. Under the circumstances here, as the clerk argues, the plaintiff's title is secure and unimpaired regardless of whether the amount demanded by the clerk for redemption was correct. The reason is that, in its pertinent part, section 271 of the Revenue Act (Ill. Rev. Stat. 1981, ch. 120, par. 752) provides:

"Unless the holder of the certificate for real estate purchased at any tax sale under this Act takes out the deed in the time provided by law, and files the same for record within one year from and after the time for redemption expires, the certificate or deed, and the sale on which it is based, shall, from and after the expiration of such one year, be absolutely null and void with no right to reimbursement."

A matter is considered to be moot when it "presents or involves no actual controversy, interests or rights of the parties, or where the issues have ceased to exist." (*People v. Redlich* (1949), 402 Ill. 270, 278-79.) Upon the question of mootness, this court has stated: "We adhere to a rigid standard which requires that where no actual rights or in-

terests of the parties remain, the Illinois courts should not address the issues raised by the litigation." *People ex rel. Tucker v. Kotsos* (1977), 68 Ill. 2d 88, 93.

The rationale for declining to adjudicate moot questions was described in *People ex rel. Black v. Dukes* (1983), 96 Ill. 2d 273, 276-77, where we said:

> "The courts of this State should not decide a case where '[a]ny judgment [they] could render would be " 'wholly ineffectual for want of a subject matter on which it could operate' " ' (*Madison Park Bank v. Zagel* (1982), 91 Ill. 2d 231, 235, quoting *Brownlow v. Schwartz* (1923), 261 U.S. 216, 217, 67 L. Ed. 620, 621, 43 S. Ct. 263, 264) and could have advisory effect only. This is true even where leave to appeal has been granted after the cause became moot. (*Madison Park Bank v. Zagel* (1982), 91 Ill. 2d 231, 236.) A principal reason for this well-established rule of justiciability is the fear that the parties to a dispute which for practical purposes has ceased to exist will lack the 'personal stake in the outcome of the controversy [which serves] to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult *** questions' (*Baker v. Carr* (1962), 369 U.S. 186, 204, 7 L. Ed. 2d 663, 678, 82 S. Ct. 691, 703; see *County of Los Angeles v. Davis* (1979), 440 U.S. 625, 59 L. Ed. 2d 642, 99 S. Ct. 1379; *DeFunis v. Odegaard* (1974), 416 U.S. 312, 40 L. Ed. 2d 164, 94 S. Ct. 1704) and the desire to avoid binding later courts which may be better informed on the legal issue to a precedent announced by an earlier court with less reliable information. See generally Brilmayer, *The Jurisprudence of Article III: Perspectives on the 'Case or Controversy' Requirement*, 93 Harv. L. Rev. 297 (1979)."

The plaintiff has not, in response to the clerk's argument that the purchaser's inaction has extinguished any right of his to a tax deed, shown or even claimed any interest remaining to be protected or any threat of injury. The plaintiff has not offered any reason for us to decide the question of the plaintiff's right to redeem on the basis

of the amount tendered, except merely to serve as a guide in any future scavenger-sale litigation. This overlooks, however, that "[t]his court will not review cases merely to establish a precedent or guide future litigation." *Madison Park Bank v. Zagel* (1982), 91 Ill. 2d 231, 235.

This court has drawn some exceptions to the precept against reviewing questions that have been mooted. We observed in *People ex rel. Black v. Dukes*: "Illinois courts have occasionally made exceptions to the mootness doctrine in cases where the magnitude or immediacy of the interests involved warranted action by the court (*People ex rel. Wallace v. Labrenz* (1952), 411 Ill. 618; *Environmental Protection Agency v. Pollution Control Board* (1980), 88 Ill. App. 3d 71) or where the issues were likely to recur but unlikely to last long enough to allow appellate review to take place because of the intrinsically short-lived nature of the controversies in which they could arise (*August H. Skoglund Co. v. Department of Transportation* (1978), 67 Ill. App. 3d 276; see *Sosna v. Iowa* (1975), 419 U.S. 393, 399-400, 42 L. Ed. 2d 532, 540-41, 95 S. Ct. 553, 557 (one-year residency requirement)) ***." 96 Ill. 2d 273, 277-78.

This case does not present a situation where making an exception would be appropriate. In particular, the recurrence of the question of vagueness is most improbable in view of the legislature's having enacted an additional amendment of the statute.

The trial court's judgment was that the exception in the amendment in favor of "single family residential units" was unconstitutionally vague. The court considered that if the term "single family residential unit" is to be construed according to its plain meaning, as the court judged that it must, it would include all single-family residential units "whether condominium, apartment or otherwise, rented or otherwise, with no reasonable basis for that classification." The legislature has since enacted Public Act 82—987, effective September 9, 1982, which provided a statutory defini-

tion for the term. This is the amended paragraph, with the new language set in italics and the deleted language struck through:

"For sales taking place after January 1, 1980, notwithstanding *any* *other* *provision* *of* *this* *Section* ~~the above,~~ except for single *family residential units* *being owner-occupied* *condominium* *units,* *cooperative* *units* *or* *dwellings,* the amount required to be paid for redemption shall also include an amount equal to all delinquent taxes on such property which taxes were delinquent at the time of sale. *Such* *delinquent* *taxes* ~~All amounts received in excess of the amount required to be paid for redemption~~ shall be apportioned by the county among the taxing districts in which such property is situated." 1982 Ill. Laws 2474.

Even if the issue here were one likely to recur in future cases, there is no reason to expect that appeals in such cases would likewise become moot. There is no reason to expect that purchasers of property at future sales would not petition for a tax deed to the property.

When the issue presented on appeal becomes moot the appeal typically will be dismissed. To do so here would be inappropriate because it would leave standing the circuit court's unreviewed judgment that the amendment is unconstitutional. Because we do not determine the correctness of that judgment it is appropriate to vacate and set aside the judgment. Accordingly, we do so without expressing an opinion as to the merits of the circuit court's conclusion. See *People ex rel. Black v. Dukes* (1983), 96 Ill. 2d 273; *Madison Park Bank v. Zagel* (1982), 91 Ill. 2d 231; *People ex rel. Newdelman v. Weaver* (1972), 50 Ill. 2d 237; *La Salle National Bank v. City of Chicago* (1954), 3 Ill. 2d 375.

For the reasons given, the judgment of the circuit court is vacated and the cause is dismissed.

*Judgment vacated;*
*cause dismissed.*