*In re* APPLICATION OF EDWARD J. ROSEWELL (La Salle National Bank, Trustee, Petitioner-Appellant, v. The Cook County Treasurer, Respondent-Appellee).

First District (3rd Division)   No. 83—2144

Opinion filed September 18, 1985.—Rehearing denied January 23, 1986.

James A. Rooney and Gordon H. Millner, Ltd., both of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Jane Clark Casey and Patrick J. McNerney, Assistant State's Attorneys, of counsel), for appellee.

JUSTICE McGILLICUDDY delivered the opinion of the court:

Petitioner La Salle National Bank, as trustee under trust No. 10—17—404—09, appeals from a default judgment and order of sale entered against it in a real estate tax scavenger proceeding and from the denial of its motion to vacate that judgment. On April 25, 1983, pursuant to section 235a of the Revenue Act of 1939, as amended, commonly known as the Scavenger Act (Ill. Rev. Stat. 1981, ch. 120, par. 716a), the Cook County treasurer and *ex-officio* county collector filed an application for judgment and order of sale against petitioner's property for real estate taxes remaining due and unpaid for the years 1965-1978, inclusive. The trial court ordered that the hearing on the application be set for May 6, 1983. Notice of intention to file the application for judgment and order of scavenger sale had been published on April 7, 1983. It is undisputed that neither petitioner nor the trust

beneficiary, Barry Dunne, received actual notice of intention to file the application for judgment and order of sale. On May 6, the trial court entered a judgment by default and an order of sale against petitioner's property for the amounts listed in the Cook County Auditor Real Estate Scavenger Report totalling $45,222.49. On June 6, petitioner filed a petition to vacate the default judgment for lack of jurisdiction due to improper notice. At the hearing on the petition to vacate the default judgment, petitioner attempted to pay the taxes under protest, but neither the tender nor the letter of protest was accepted. The petition to vacate the default judgment was denied on June 23, 1983.

On June 27, petitioner moved the court to vacate the order of June 23, and requested the entry of an order containing findings of fact and conclusions of law. Petitioner also filed a motion for a temporary restraining order in an attempt to stay the scavenger sale scheduled for the next day. The court denied the motion for a temporary restraining order and continued the hearing on the motion to vacate to July 5, 1983. On June 28, petitioner paid the tax bills and tendered a letter of protest to the collector which was refused. The tax bills and the amount of the accepted check were $34,866.16.

On August 1, 1983, the trial court entered an order correcting the judgment of May 6, to reconcile the total tax obligation on the property with the amount paid. The order stated that the court had been informed that the collector had recomputed the petitioner's obligation and that the tender of payment under protest had been refused. On August 10, 1983, the trial court denied petitioner's motion to vacate the judgment as amended. The petitioner appeals from the order of August 1 entering an amended judgment and from the order of August 10 denying the motion to vacate the amended judgment. The issues presented for review are whether petitioner received notice sufficient to (1) confer jurisdiction on the trial court to enter any orders in the Scavenger Act proceeding and (2) satisfy constitutional requirements of procedural due process.

Petitioner contends that the collector's failure to provide Dunne with mailed notice of the application for judgment and order of scavenger sale deprived the circuit court of jurisdiction to enter any supplemental judgments or orders. It argues that the amended judgment against the property and the order denying its motion to vacate that order are therefore void and must be vacated. Respondent maintains that once the court has acquired jurisdiction in the annual application for judgment, the court has jurisdiction to enter further orders supplemental to the original judgment. Respondent's argument is well es-

tablished in this State with regard to tax sales resulting from the annual application for judgment and order of sale. See, *e.g., Smith v. D.R.G., Inc.* (1976), 63 Ill. 2d 31, 344 N.E.2d 468; *First Lien Co. v. Markle* (1964), 31 Ill. 2d 431, 202 N.E.2d 26; *Urban v. Lois, Inc.* (1963), 29 Ill. 2d 542, 194 N.E.2d 294.

■ Proceedings under the Scavenger Act, however, are separate from the annual application for judgment. The annual sale is the initial device for collecting unpaid tax debts and is a sale for the full amount of taxes owed on properties for which taxes have not been paid in any one year. (*First National Bank v. Kusper* (1983), 98 Ill. 2d 226, 456 N.E.2d 7.) In contrast, the scavenger sale is a device of last resort and is designed to extinguish tax liens and forfeitures and to attempt to return the property to productive status. (*In re Application of Rosewell* (1983), 97 Ill. 2d 434, 454 N.E.2d 997.) The Scavenger Act provides for a judgment for sale to the highest bidder, notwithstanding that the bid may be less than the full amount of the unpaid taxes, special assessments, interest, penalties and costs. (*First National Bank v. Kusper* (1983), 98 Ill. 2d 434, 454 N.E.2d 997.) In a special statutory proceeding, the trial court's jurisdiction must affirmatively show from the record and the proceedings must conform with the statute. *La Salle National Bank v. Hoffman* (1971), 1 Ill. App. 3d 470, 274 N.E.2d 640.

Section 235a of the Revenue Act of 1939 requires publication of an advertisement giving notice of the application for judgment and order of scavenger sale of tracts of land on which general taxes for each of five or more years are delinquent. (Ill. Rev. Stat. 1981, ch. 120, par. 716a.) The statute further states:

"Such advertisement and application for judgment for sale shall be in the manner prescribed by the provisions of this Act relating to the annual advertisement and application for judgment for sale of delinquent lands and lots as near as may be. The County Collector shall make application for judgment for sale as provided in this section and the court shall give judgment *** after allowing an opportunity to object and a hearing upon the objections as provided in section 235 of this Act ***."

The annual application requires published notice (section 225) and mailed notice to the last assessee (section 230). Ill. Rev. Stat. 1981, ch. 120, pars. 706, 711.

■ In *People ex rel. Larson v. Rosewell* (1980), 88 Ill. App. 3d 272, 410 N.E.2d 404, this court held that the publication provisions of the Scavenger Act are mandatory where the conduct is prescribed in order to safeguard a person's rights which may be injuriously affected

by failure to act within a specified time. We stated therein:

> "Publication under the Scavenger Act *** [is designed] to afford taxpayers notice that all or part of the general taxes upon their property for each of five or more years are delinquent and that their property is subject to the judgment and sale provisions of the Scavenger Act. Publication was also designed to afford the taxpayers an opportunity to object to the proposed sale *** and to protect 'their property from sacrifice' [citation]." (88 Ill. App. 3d 272, 277, 410 N.E.2d 404, 408.)

The United States Supreme Court has recognized that notice by publication is by itself insufficient to safeguard the property rights of persons whose whereabouts are known. Actual notice must be provided where it is not unduly burdensome upon the State to do so. (*Mullane v. Central Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 94 L. Ed. 865, 70 S. Ct. 652; see also *Mennonite Board of Missions v. Adams* (1983), 462 U.S. 791, 796-97 n.3, 77 L. Ed. 2d 180, 185 n.3, 103 S. Ct. 2706, 2710 n.3.) We therefore hold that section 235a of the Revenue Act of 1939 mandates actual notice as well as notice by publication.

■ Respondent argues that under the standards set down in *Mullane,* petitioner was entitled only to reasonable notice of the scavenger sale. It is undisputed that in April 1980, Dunne received notice of intention to back tax his property for omitted assessments for the years 1965-1978. Respondent also argues that because notice of the collector's intention to file an application for order of sale against parcels delinquent for 1979 taxes and all parcels delinquent for back taxes was published on March 31, 1981,[1] the petitioner had reasonable notice of his obligation for the delinquent back taxes. In support of his argument, respondent cites *Mennonite* and *Rosewell v. Chicago Title & Trust Co.* (1984), 99 Ill. 2d 407, 459 N.E.2d 966, in which the reasonableness standard was reiterated. Both *Mennonite* and *Chicago Title & Trust Co.* involved mortgagees whose property interests were more remote and whose identities more burdensome to ascertain than those of the assessee in this case. In fact, in *Chicago Title & Trust Co.*, the court noted that the Revenue Act of 1939 provides for mailed notice to assessees before the tax sale and concluded, on that basis, that the statutory notice requirements were consistent with the *Mullane* standards. (99 Ill. 2d 407, 412, 459 N.E.2d 966, 968.) We find the

---

[1]Respondent concedes that actual notice of the 1981 application for judgment and sale is proven only by the court's order of May 1, 1981. We note that the notice published on March 31, 1981, contained no addresses for the parcels listed under Dunne's business name. It is therefore conceivable that Dunne did not receive actual notice of the 1981 annual sale.

1980 notice of intention to back tax and the 1981 notice for the annual application were not reasonable notice of the 1983 application for judgment and order of scavenger sale.

The Supreme Court recently clarified the requirements of procedural due process. In *Cleveland Board of Education v. Loudermill* (1985), 470 U.S. 532, 84 L. Ed. 2d 494, 105 S. Ct. 1487, the court held that a property right cannot be deprived except pursuant to constitutionally adequate procedures. The court further stated that a property right cannot be defined by the procedures provided for its deprivation. Reiterating that due process is conferred by constitutional guarantee, the court noted that the essential requirements are notice and an opportunity to respond. 470 U.S. 532, 542-43, 84 L. Ed. 2d 494, 503-05, 105 S. Ct. 1487, 1493-94.

■ There is no question that the Revenue Act of 1939 affords Illinois taxpayers their procedural due process safeguards. In the instant case, however, neither the statutory requirements nor constitutional requirements were met. Petitioner did not receive actual notice of the application for judgment for scavenger sale. Additionally, the record indicates that when petitioner attempted to pay the delinquent taxes under protest in order to safeguard its statutory rights of appeal, the letters of protest were refused. Petitioner was thus denied an opportunity to respond. That the collector unilaterally recalculated the taxes owed so that petitioner ultimately paid less than was originally indicated in the published notice did not afford petitioner the opportunity to respond guaranteed by the Constitution.

We hold that the order of August 1, 1983, entering an amended judgment against petitioner's property was void for lack of jurisdiction and must therefore be vacated. Petitioner's appeal from the August 10 order denying its motion to vacate the judgment as amended is rendered moot and that part of its appeal is dismissed.

For the foregoing reasons, the judgment of the circuit court of Cook County is vacated and part of the appeal is dismissed.

Judgment vacated; part of cause dismissed.

WHITE, P.J., and McNAMARA, J., concur.