(No. 63171.— ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*In re* APPLICATION OF EDWARD J. ROSEWELL *et al.* (La Salle National Bank, as Trustee, Appellee, v. Cook County Treasurer, Appellant).

*Opinion filed June 29, 1987.—Rehearing*
*denied October 5, 1987.*

GOLDENHERSH, J., took no part.

Richard M. Daley, State's Attorney, of Chicago (Henry A. Hauser and Joan S. Cherry, Deputy State's Attorneys, and Mark R. Davis and Marcia Maras, Assistant State's Attorneys, of counsel), for appellant.

James A. Rooney, of Nisen, Elliott & Meier, and Gordon H. Millner, of Chicago, for appellee.

Maurice P. Raizes, of Cohon, Raizes & Regal, of Chicago, for *amicus curiae* Chicago Title Insurance Company.

PER CURIAM: This case comes before the court on appeal from the Cook County circuit court's default judgment of sale of certain properties held in trust by the La Salle National Bank for the benefit of Barry Dunne, the taxpayer. That judgment of sale was entered pursuant to section 235a of the Revenue Act (Ill. Rev. Stat. 1983, ch. 120, par. 716a), commonly known as the Scavenger Act. According to the taxpayer, the circuit court was not properly vested with jurisdiction to enter that judgment because of the county treasurer's failure, acting *ex officio* as county collector, to mail notice of the Scavenger Act proceeding to the taxpayer in compliance with the Revenue Act (Ill. Rev. Stat. 1983, ch. 120, par. 711) and the dictates of due process (U.S. Const., amend. XIV). The taxpayer petitioned the circuit court

to vacate its judgment and order of sale of the taxpayer's property. The circuit court refused, and on appeal the appellate court reversed, concluding that notice by mail was required by both the statute and the Constitution. (139 Ill. App. 3d 482.) We allowed the county collector's petition for leave to appeal (103 Ill. 2d R. 315(a)) on his representation that Cook County scavenger sales have been put "on hold" pending a final resolution of the notice by mail issue. Since there was nothing that prevented the county collector from sending notice of scavenger sale by registered or certified mail, the county collector could have given such notice and conducted a scavenger sale without waiting upon this court's decision as to whether such a notice was required by statute or by constitutional provisions.

In 1980 the Cook County assessor mailed notice to Barry's Metal, Ltd., the assessee of record for the parcels at issue, that all of the property had not been assessed for the years 1965 through 1978. The notice stated that a hearing on the back taxes for those years would be held, giving the assessee an opportunity to contest those back taxes. Although Barry's Metal, Ltd., received that notice, the record does not indicate whether it attended the hearing. A bill for 1965-78 back taxes was subsequently issued. Payment on that bill was not made, however, and on the collector's application a judgment and order of sale was entered against the property in 1981. It appears that the tax certificate for the properties was not sold during the 1981 annual sale, for the collector published notice in 1983 stating his intention to apply for judgment and order of sale pursuant to the Scavenger Act. Judgment and an order of sale were entered on May 6, 1983.

A month later, the taxpayer filed a petition to vacate the court's judgment and order of May 6, alleging, *inter alia*, that the court's jurisdiction was not properly in-

voked because there had been no notice by mail of the proceeding. As noted above, that petition was denied. Thereafter, the taxpayer sought a temporary restraining order against the sale of his properties, but that, too, was denied. Eventually, the taxpayer paid the amount of tax sought by the county, although the county had refused to accept the taxpayer's accompanying protest because it was untimely. It appears that the amount settled on by the county and taxpayer was substantially less than the sum of the judgments entered against the properties on May 6; accordingly, on August 1, 1983, the circuit court *sua sponte* amended its judgment of May 6 to conform with the amount paid and accepted by the collector.

It is not apparent what relief either party to this litigation is entitled to at this late date. Doubtless, the scavenger sale, which was ordered to begin on May 9, 1983, has since been completed, and there is nothing in the record to suggest that these properties were sold or even offered. Section 233 (Ill. Rev. Stat. 1983, ch. 120, par. 714) allows the adjudicated delinquency to be paid at any time prior to sale of that property, as did the order here appealed from. Sale of the property notwithstanding payment of the delinquency would be a useless act, as redemption would not occur and no tax deed could issue because the tax had been paid (see Ill. Rev. Stat. 1983, ch. 120, par. 751 (right to challenge tax deed on ground tax was paid)). Insofar as the taxpayer appeals from the circuit court's order of sale, therefore, the appeal is plainly moot since the May 6, 1983, order of sale no longer applies to these properties. To the extent that the taxpayer contests the propriety of the circuit court's judgment against the properties, the appeal is also moot: the judgment having been paid in the scavenger sale proceeding, there is no longer any delinquency for the taxpayer to challenge. (See Ill. Rev. Stat. 1983, ch. 120,

pars. 675, 716 (challenge is made by timely payment under protest).) In *Massell v. Daley* (1949), 404 Ill. 479, an injunction was sought barring imposition of the Retailer's Occupation Tax Act against dinner theatres and night clubs, and the State refunded tax payments in accordance with the trial court's decree. When the State then appealed the rulings, this court dismissed the appeal, observing "that where a judgment has been voluntarily paid the question becomes moot." 404 Ill. 2d 479, 483.

Given the court's inability to award any relief or decide any questions which will affect the parties' rights as against the other on any issue involved in the Scavenger Act proceedings appealed from, the case is moot under our law. (*George W. Kennedy Construction Co. v. City of Chicago* (1986), 112 Ill. 2d 70, 76-77; *First National Bank v. Kusper* (1983), 98 Ill. 2d 226, 233-35; *Madison Park Bank v. Zagel* (1982), 91 Ill. 2d 231, 235.) That determination does not, however, necessitate dismissal of the appeal. The parties have briefed the case and addressed themselves to issues which now present a matter of urgent importance. The court is aware that a staggering amount of property within Cook County sits idle, under the weight of delinquent taxes, and that a scavenger sale would help return many of those properties to the tax rolls. (See *In re Application of Rosewell* (1983), 97 Ill. 2d 434, 442-43.) Apparently apprehensive that a sale conducted with improper notice might prejudice developers and community groups bidding for those tax delinquent properties, and throw a cloud over hundreds or perhaps thousands of land titles, the county assessor has not held a scavenger sale since 1983 (notwithstanding the statutory mandate). The public importance in renewing the scavenger sale process and the county officials' apparent need for definitive resolution and guidance bring this case within a narrow exception to the moot-

ness doctrine, which generally counsels against the pronouncement of purely advisory legal opinions by this court. (*People ex rel. Wallace v. Labrenz* (1952), 411 Ill. 618; *Environmental Protection Agency v. Pollution Control Board* (1980), 88 Ill. App. 3d 11.) Although the parties have argued a number of questions, such as whether the taxpayer waived any right to notice by mail or whether such notice is jurisdictional, only two questions merit review given the absence of an actual controversy: whether the Scavenger Act requires notice by mail and whether due process demands such notice.

The Scavenger Act requires the county collector to "publish an advertisement giving notice of the intended application for judgment for sale of all tracts of lands and lots upon which all or a part of the general taxes for each of 5 or more years are delinquent as of the date of the advertisement." Section 225 of the Revenue Act (Ill. Rev. Stat. 1983, ch. 120, par. 706), which provides for the annual sale of tax delinquent properties, states in part that "the Collector shall publish an advertisement, giving notice of the intended application for judgment for sale of such delinquent lands and lots." The parties agree that assessees of lands and lots subject to annual sale must be sent mailed notice pursuant to section 230 (Ill. Rev. Stat. 1983, ch. 120, par. 711), but the taxpayer says that because the Scavenger Act requires that the "advertisement and application" for scavenger sales "shall be in the manner prescribed by the provisions of this [Revenue] Act relating to the annual advertisement and application for judgment for sale of delinquent lots and lands as near as may be," the mailed notice requirement of section 230 is a prerequisite for Scavenger Act proceedings as well.

We do not agree with the taxpayer's assertion. Instructing the county collector to make an application for judgment for sale under the Scavenger Act "in the man-

ner prescribed" for the annual sale directs only that the form of the application and the proceedings in which the scavenger application is presented should resemble those forms and proceedings used for the application of an annual sale. If "in the manner prescribed" means, as the taxpayer contends, that mailed notice and all other required conduct incident to the filing of an application for annual sale were likewise necessary for the filing of an application for a scavenger sale, it would have been unnecessary for the Scavenger Act provision to specify that the scavenger "*advertisement* and application" must be made in the same manner as the annual advertisement. The mandate for advertisement would be subsumed within the meaning of "application," the same as the taxpayer contends section 230 notice to have been. But the legislature did specify that the scavenger advertisement be made "in the manner prescribed" for annual sales; since we are reluctant to adopt a construction rendering words or phrases of enacted laws superfluous (*Niven v. Siqueira* (1985), 109 Ill. 2d 357, 365), we are not persuaded to follow the broad interpretation of the "in the manner prescribed" clause urged by the taxpayer.

Section 230 provides for notice by mail "of *application for judgment for sale of delinquent lands or lots.*" (Emphasis added.) Applications under the Scavenger Act are, like those for annual sale, applications for judgment for sale of tax delinquent property, so the taxpayer contends that section 230 applies by its own force in scavenger proceedings. The county collector counters that although the Scavenger Act has coexisted with the notice by mail provision since the Scavenger Act's inception over 40 years ago, the county has never thought the mailed notice provision applicable to scavenger sales and never sent mailed notice of scavenger proceedings.

Under section 225, the annual sale provision, the county collector makes an "application for judgment of sale of [tax] delinquent lands and lots." Section 230 requires mailed notice when application is made for "judgment for sale of delinquent lands and lots." The Scavenger Act, however, refers to that application as one for "judgment for sale of *all tracts of lands and lots upon which all or a part of the general taxes for each of 5 or more years are delinquent*." (Emphasis added.) Because section 230 tracks precisely the language of the annual sale statute but not the Scavenger Act, it is unclear whether the legislature intended the mailed notice requirement to apply in scavenger proceedings. In the context of that ambiguity, the county collector's longstanding interpretation is persuasive (*People ex rel. Watson v. House of Vinson* (1974), 59 Ill. 2d 508, 514-15; *Fried v. Danaher* (1970), 46 Ill. 2d 475, 478), and because the collector's interpretation is not unreasonable and the taxpayer's alternative would impose substantial costs on the county, there is valid reason to conclude that the collector has interpreted the statute properly until it is amended by the General Assembly. *Cf. Miller v. Lockett* (1983), 98 Ill. 2d 478, 483; *Mitchell v. Mahin* (1972), 51 Ill. 2d 452, 456.

We are urged, nonetheless, to require notice by mail of scavenger proceedings on the basis of assessees' due process rights under the fourteenth amendment (U.S. Const., amend. XIV). According to the taxpayer, effective notice of the scavenger application is that "reasonably calculated, under all the circumstances, to apprise the parties" of the hearing, and due process demands effective attempts at notice prior to any proceeding affecting a property interest "which is to be accorded finality." (*Mullane v. Central Hanover Bank & Trust Co.* (1949), 339 U.S. 306, 314, 94 L. Ed 865, 873, 70 S. Ct. 652, 657.) In *Mennonite Board of Missions v. Adams*

(1983), 462 U.S. 791, 77 L. Ed. 2d 180, 103 S. Ct. 2706, the Supreme Court held that a tax sale under Indiana law could not proceed unless the mortgagee had been sent mailed notice of the hearing in which an order of sale might be entered. Applying the analysis earlier announced in *Mullane*, the court reasoned that under Indiana law a tax sale would "immediately and drastically" diminish the mortgagee's interest in the real estate, so the mortgagee had to be sent mailed notice if the mortgagee was reasonably identifiable. (462 U.S. 791, 798, 77 L. Ed. 2d 180, 187, 103 S. Ct. 2706, 2711.) Relying on *Mennonite*, the taxpayer claims that due process demands mailed notice of a hearing on an application for judgment and sale since the assessees of tax delinquent property are easily determinable.

*Mennonite* does not, however, require mailed notice of every tax sale proceeding, but only those "which will adversely affect the liberty or property interests" of parties with fourteenth amendment property interests. (462 U.S. 791, 800, 77 L. Ed. 2d 180, 188, 103 S. Ct. 2706, 2712; *Grant County v. Guyer* (1983), 296 Or. 14, 21, 672 P.2d 702, 706 (*Mennonite*, employing *Mullane* analysis, "does not prohibit the use of notice by publication in some circumstances; neither does it require the use of notice by mail in all circumstances").) Aware of the *Mennonite* ruling, this court has already ruled that mortgagees of property in Illinois are not entitled to notice by mail of judicial hearings on the collector's annual applications for tax sales because the Illinois statute differs so markedly from that considered in *Mennonite*. (*Rosewell v. Chicago Title & Trust Co.* (1984), 99 Ill. 2d 407.) Though not all of the factors distinguishing that case from *Mennonite* apply in scavenger sales, the salient distinction is that under Illinois law, the interests of the owner and mortgagee are not affected until the issuance of a tax deed. That deed will not issue until the redemp-

tion period—with its attendant notices in person, by mail and through publication—has passed, and a petition for a tax deed—with its own stringent notice requirements—has been made and acted upon. Ill. Rev. Stat. 1983, ch. 120, pars. 744, 747.

Owners of real property know that their property is subject to taxation, they are sent tax bills and notices of annual sale by mail (Ill. Rev. Stat. 1983, ch. 120, par. 711), they are presumptively aware of the collector's scavenger sale remedy (see *Texaco, Inc. v. Short* (1982), 454 U.S. 516, 531, 70 L. Ed. 2d 738, 752, 102 S. Ct. 781, 793), and they receive numerous notices after sale but prior to issuance of a tax deed (Ill. Rev. Stat. 1983, ch. 120, pars. 744, 747). "At some point a property owner's presumptive duty to preserve his property outweighs the responsibility of a tax collector to provide more extensive forms of notice." (*Trapf v. Lohr* (Mo. 1984), 666 S.W.2d 414, 415.) We are of the opinion, therefore, that in the context of all the notices and other safeguards provided by the Revenue Act, the failure to provide notice by mail of a scavenger application is not "unreasonable" within the meaning of *Mullane* and *Mennonite*. *Grant County v. Guyer* (1983), 296 Or. 14, 672 P.2d 702; see *Catoor v. Blair* (N.D. Ill. 1973), 358 F. Supp. 815, 817, *aff'd* (1973), 414 U.S. 990, 38 L. Ed. 2d 231, 94 S. Ct. 345.

A default judgment and order of scavenger sale does not waive or finally foreclose any issues which would not have previously been waived by the failure to make timely tax payments under protest and litigate the protests when application was made for the annual sale. (See Ill. Rev. Stat. 1983, ch. 120, pars. 675, 716; see also *Logan v. Zimmerman Brush Co.* (1982), 455 U.S. 422, 434 n.7, 71 L. Ed. 2d 265, 277 n.7, 102 S. Ct. 1148, 1157 n. 7.) At the same time, questions not already waived before the scavenger application are open for

consideration in proceedings which follow it. If the order of sale under the Scavenger Act purports to order the sale of properties not properly subject to scavenger proceedings, or if a judgment against any particular parcels has been entered in an improper amount due to technical or clerical errors occurring during the scavenger proceedings or in preparation for those proceedings and an attempt has been made by the assessee to pay the correct amount before expiration of the redemption period, those wrongs may be set right upon the hearing on the petition for issuance of a tax deed. (See *Nix v. Smith* (1965), 32 Ill. 2d 465.) What the fourteenth amendment requires is an opportunity to contest the deprivation at a meaningful time and in a meaningful manner (*Boddie v. Connecticut* (1971), 401 U.S. 371, 378, 28 L. Ed. 2d 113, 119, 91 S. Ct. 780, 786) with hearings and adequate notice of those hearings which *finally* affect a deprivation (*Mullane v. Central Hanover Bank & Trust Co.* (1949), 339 U.S. 306, 314, 94 L. Ed. 865, 873, 70 S. Ct. 652, 657). We conclude that the requirements of *Boddie* and *Mullane* for access to the courts and a meaningful opportunity to be heard prior to termination of the rights in the assessed property are satisfied; so long as the deprivation does not occur until after those meaningful opportunities with constitutionally adequate notice, the fact that one hearing in the process might occur without notice by mail is not constitutionally significant.

Recognizing that *Nix* allows for a hearing before termination of property interests on issues not waived prior to the application for scavenger sale, the taxpayer argues a due process violation by contending that even if Federal constitutional mandates are satisfied before a tax deed issues, there is a period of time after the order of sale but before the petition for a tax deed during which an assessee is deprived of due process. Article IX, section 8(a), of the 1970 Illinois Constitution guarantees

that "[r]eal property shall not be sold for the non-payment of taxes or special assessments without judicial proceedings," and the Scavenger Act itself allows for an opportunity to object to the application for judgment and sale. From these provisions, the taxpayer claims that even though due process generally requires only the opportunity to be heard at some point before the liability becomes final (see *Dietman v. Hunter* (1955), 5 Ill. 2d 486), in scavenger cases there is an entitlement to a hearing before the ordered sale. Such presale hearings are, the taxpayer claims in reliance on *Logan v. Zimmerman Brush Co.* (1982), 455 U.S. 422, 430, 71 L. Ed. 2d 265, 274, 102 S. Ct. 1148, 1155, "an individual entitlement grounded in state law, which cannot be removed except 'for cause.' " That is, the statutory and State constitutional requirements for a hearing on the application for tax sale are, so the argument goes, protected property interests in themselves, of which the taxpayer has been unconstitutionally deprived because notice was insufficient.

We have already concluded in this opinion that the Revenue Act does not require notice by mail of a scavenger application, and article IX, section 8(a), of the State Constitution does not require notice by mail either. Comments to the second proposal of the Committee on Revenue and Finance of the Constitutional Convention, in which proposal the language now comprising section 8(a) first appeared, note that the language at issue "continues, from the present constitution, the prohibition against tax sales without prior court determination of their propriety." The committee explained, however, that the Constitution of 1870 "specifies that reasonable notice [of a completed tax sale] may be by publication, which is obvious and, therefore, unnecessary detail," so it deleted that portion of the older constitution from the proposal. (7 Record of Proceedings, Sixth Illinois Consti-

tutional Convention 2167-69.) Thus it cannot be said that section 8(a) requires notice by mail of the judicial hearing.

The missing link in the taxpayer's argument, therefore, is why the failure to provide notice by mail constitutes a "deprivation" of the prejudgment hearing if the provisions allowing for that hearing contemplate notice by publication only. Our decision that no violation of due process occurred is not premised on resurrecting a "bitter with the sweet" jurisprudence of due process whereby the State could create an entitlement with one hand and allow for its revocation without due process with the other (see *Arnett v. Kennedy* (1974), 416 U.S. 134, 40 L. Ed. 2d 15, 94 S. Ct. 1633), a theory conclusively rejected in *Cleveland Board of Education v. Loudermill* (1985), 470 U.S. 532, 84 L. Ed. 2d 494, 105 S. Ct. 1487. Rather, we do not believe that the Illinois Constitution or the Scavenger Act, as procedures designed to protect property rights, are themselves property rights with greater procedural protections for their own integrity than they purport to carry. In an effort to "put it as plainly as possible," *Logan* says: "the State may not finally destroy a property interest without first giving the putative owner an opportunity to present his claim of entitlement" (*Logan v. Zimmerman Brush Co.* (1982), 455 U.S. 422, 434, 71 L. Ed. 2d 265, 276-77, 102 S. Ct. 1148, 1156-57), and Logan's property interest was in his cause of action, not in the mechanical steps to be taken in adjudicating it. Here, the taxpayer's property interest is in the real estate, and not in the hearings by which it might be lost. Since we have found that the proceedings being utilized guarantee personal and mailed notice and an opportunity to be heard prior to the loss of property interests, there is no merit to the taxpayer's contention that only notice by mail prior to the judgment of sale can satisfy the Federal Constitution.

We conclude, therefore, that notice by mail of an application for judgment and order of sale pursuant to the Scavenger Act is required by neither State law nor the Federal Constitution. The judgment of the appellate court is reversed and that of the circuit court of Cook County affirmed.

*Appellate court reversed;*
*circuit court affirmed.*

JUSTICE GOLDENHERSH took no part in the consideration or decision of this case.