RONALD B. BARTOS, Plaintiff-Appellant, v. CHICAGO BOARD OF ELECTIONS *et al.*, Defendants-Appellees.

First District (5th Division)   Nos. 1—89—0170, 1—89—0379 cons.

Opinion filed November 27, 1989.

Ronald B. Bartos, of Chicago, appellant *pro se.*

Ian H. Levin, of Chicago, for appellee.

PRESIDING JUSTICE MURRAY delivered the opinion of the court:

Ronald B. Bartos (Bartos), plaintiff, appeals from a January 19, 1989, order of the circuit court of Cook County involving the February 28, 1989, Chicago primary mayoral election. The Board of Election Commissioners (Board) appeals a February 2, 1989, decision of the same court denying it sanctions.

The undisputed facts disclose that Bartos, on January 5, 1989, sought to file an intent to be a write-in candidate of the Solidarity Party for the office of mayor of the City of Chicago at the February 28, 1989, special mayoral election. The Board denied the request based on its untimeliness. Bartos then sought judicial review of the Board's action. The trial court dismissed Bartos' petition. Bartos filed a timely appeal. On January 27, 1989, the Board filed a motion for sanctions for attorney fees and expenses. The trial court denied that motion. The Board also filed a timely appeal. The two appeals have been consolidated.

We dismiss Bartos' appeal on the basis of mootness and affirm the trial court's decision denying the Board motion for sanctions.

In fairness to Bartos, he did file a motion to expedite his appeal on February 2, 1989, almost a month before the involved February 28, 1989, election. That motion was denied on February 27, 1989, because of his failure to adhere to supreme court rules governing appeals. In the meantime, the 1989 mayoral primary election passed, as did the election itself. The winner of the election was proclaimed, installed as mayor, and has served as mayor since his installation.

In his appellate brief, Bartos requests this court to order defendant "to accept from the plaintiff, Ronald Bartos, the proper, correct, and lawful documents to be submitted to them by plaintiff and the said defendant declare and certify plaintiff as the lawful uncontested and unopposed Illinois Solidarity Party candidate (on the ballot) for the office of mayor of the City of Chicago in the special mayoral general election to be held on April 4, 1989 in the City of Chicago." Obviously, this relief cannot be granted by this court at this time.

■ An issue becomes moot when it presents or involves no actual controversy, interest or rights, or where issues have ceased to exist. (*First National Bank v. Kusper* (1983), 98 Ill. 2d 226, 456 N.E.2d 7.) Obviously any issue concerning Bartos' right to have his documents concerning the February 28, 1989, accepted by the Board, Chicago

mayoral primary or his right to be a candidate of the Solidarity Party at the April 1989 election ceased to exist after the election was held, the winner proclaimed and installed as mayor. Since Bartos' cause is now moot, we dismiss his appeal.

■ With respect to the Board's petition for attorney fees and costs, the petition is predicated on the grounds of frivolity. It is true that section 2—611 of the Illinois Code of Civil Procedure authorizes the imposition of sanctions for frivolous, false or baseless litigation. (Ill. Rev. Stat. 1987, ch. 110, par. 2-611; *Lipscomb v. Coppage* (1964), 44 Ill. App. 2d 430, 197 N.E.2d 48.) However, Bartos diligently pressed his initial action in the trial court and on appeal. He is a *pro se* party, obviously a novice at election cases and unaware of procedures that can be taken to prevent an election case being mooted by the election and official proclamation of the winner. Although it may be frivolous to the Board and its excellent and experienced lawyers, plaintiff's case and appeal do not appear to be frivolous to him. From the record, it appears that plaintiff seriously believed he had the right to be a candidate for mayor for the Solidarity Party. If he knew as much of Illinois' oft-times difficult to interpret election laws as the attorneys for the Board, he might have been as successful in achieving his goal as a candidate of the Solidarity Party. For the above reason, we do not feel the trial court abused its discretion in denying the Board's petition for sanctions and, also, we deny the Board's request for fees incurred in this appeal.

For the above reasons, the appeal from trial court's order denying plaintiff relief is dismissed on account of mootness. The trial court's order denying the Board's petition for sanctions is affirmed.

Appeal in appeal No. 89—0379 is dismissed; trial court's order in appeal No. 89—0170 is affirmed.

PINCHAM and COCCIA, JJ., concur.