THE COUNTY OF DU PAGE et al., Petitioners-Appellants, v. FRATERNAL ORDER OF POLICE, LODGE 109, et al., Respondents-Appellees.

Second District   No. 2—88—0846

Opinion filed June 1, 1989.

James E. Ryan, State's Attorney, of Wheaton (Joseph S. Bongiorno, Assistant State's Attorney, of counsel), for petitioner Du Page County Sheriff's Department.

Elise A. Elconin, of Seyfarth, Shaw, Fairweather & Geraldson, of Chicago (James Baird, of counsel), for petitioner County of Du Page.

Neil F. Hartigan, Attorney General, of Springfield, and Jacalyn J. Zimmerman, of Illinois State Labor Relations Board, of Chicago (Valerie J. Peiler, Assistant Attorney General, of Chicago, of counsel), for respondent Illinois State Labor Relations Board.

Anne Wells Clark, of Asher, Pavalon, Gittler & Greenfield, Ltd., of Chicago (Joel A. D'Alba, of counsel), for respondent Fraternal Order of Police.

JUSTICE NASH delivered the opinion of the court:

Petitioners, the County of Du Page and the Du Page County sheriff's office, seek review of a decision and order of the Illinois State Labor Relations Board (Labor Board) which, after making certain findings of law and fact, dismissed the representation petition of respondent, the Fraternal Order of Police, Lodge 109 (the Union).

We consider first whether this appeal must be dismissed as moot, as is urged by the Labor Board in its brief.

In August 1987 the Union filed a petition for representation-certification with the Labor Board pursuant to section 9 of the Illinois Public Labor Relations Act (Act) (Ill. Rev. Stat. 1987, ch. 48, par. 1609), seeking to represent a collective bargaining unit composed of certain categories of employees of the Du Page County sheriff's department. As subsequently amended, the petition sought recognition of a unit described as follows:

"Included, all full time sworn peace officers as that term is defined in Section 3(k) of the Illinois Public Labor Relations Act below the rank of Sergeant in the Du Page County Sheriff's Department; excluded, all peace officers in and above the rank of Sergeant, Bailiffs, Correctional Officers, and any others excluded under the Illinois Public Labor Relations Act."

In proceedings before a hearing officer to whom the Labor Board had referred the petition, the Union contended that the only deputy sheriffs who qualified as peace officers under section 3(k) of the Act (Ill. Rev. Stat. 1987, ch. 48, par. 1603(k)) were those deputies classified as patrol officers and process servers and that as bailiffs and correctional officers were not "peace officers," they could not be included in

the bargaining unit. Du Page County argued at that hearing that the unit proposed by the Union was inappropriate because it did not include the sworn deputy sheriffs classified as bailiffs and correctional officers, and the sheriff's department was fragmented by their exclusion.

At the conclusion of the evidentiary hearings, the hearing officer stated to counsel representing the Union that she had sought on several occasions during the protracted hearings to be advised whether the Union would be willing to go to an election on a unit larger than that petitioned for by the Union. The hearing officer insisted that she be advised before closing the hearing.

Counsel for the Union conferred with his client at that time and advised that the Union's position was as stated in its petition and that there would be no election if the unit was to include other classifications of deputy sheriffs.

The hearing officer thereafter issued a recommended opinion and order on June 7, 1988, in which she found that correctional officers and bailiffs were "peace officers" under section 3(k) of the Act (Ill. Rev. Stat. 1987, ch. 48, par. 1603(k)). As section 3(s)(1) of the Act (Ill. Rev. Stat. 1987, ch. 48, par. 1603(s)(1)) provides that peace officers cannot be included in a bargaining unit with nonpeace officers unless both the employer and the labor organization so stipulate, the hearing officer found that the smallest appropriate unit was all sworn deputy sheriffs classified as patrol officer, correctional officer, or bailiff, below the rank of sergeant, employed by the sheriff's department. However, based upon the Union's stated position as petitioner that it declined to proceed to an election if the hearing officer determined upon the composition of a bargaining unit which the Union was unwilling to represent, the recommended opinion of the hearing officer was that the petition be dismissed.

The Labor Board reviewed the recommended opinion and order of its hearing officer, agreed with her final result (dismissal of the petition), but partially reversed the hearing officer's conclusions of law. The Labor Board in its decision and order found that patrol officers and bailiffs, but not correctional officers, were peace officers under section 3(k) of the Act and, in accordance with section 3(s)(1) of the Act, found that, in this case, the smallest appropriate unit for collective bargaining purposes was one consisting of patrol officers and bailiffs, excluding correctional officers and deputy sheriffs above the rank of sergeant. The Labor Board noted, as had the hearing officer, that the petitioner Union stated it was only seeking to represent a certain described bargaining unit and, as the Union had not agreed to

proceed to an election in the unit determined to be appropriate by the Labor Board, that the petition must be dismissed. The Labor Board's order states: "The petition in Case No. S—RC—88—15 is hereby dismissed."

In its petition for review in this court, Du Page County states it seeks "review of the Order of the Illinois State Labor Relations Board ('Board') issued in Board Case No. S—RC—88—15 on August 24, 1988, in which the Board found that the Du Page County Correctional Officers are not 'peace officers' as defined in Section 3(k) of the Illinois Public Labor Relations Act." In its brief, Du Page County identifies the issues presented for review, as follows:

"(1) Whether the daily duties, authorities and responsibilities of the Du Page County Correctional Officers require that they be classified as 'peace officers' as that term is defined by the Illinois Public Labor Relations Act, and that they therefore be included in a bargaining unit consisting of all full-time sworn peace officers?

(2) Whether *all* the positions the Board includes in the peace officer unit actually satisfy the Illinois Public Labor Relations Act's definition of 'peace officer' (§ 3(k)), including especially Process Servers, Communications Supervisors, Forensic Technicians and the Records Supervisor?

(3) Whether, under the criteria listed in Section 9(b) of the Illinois Public Labor Relations Act and the principles of *Du-Page County Board v. International Brotherhood of Electrical Workers, Local No. 1701, AFL-CIO*, 1 PERI par. 2003 (1985), a separate unit of *all* sworn officers in the Criminal Bureau and *some* sworn officers in the Administrative Bureau, to the exclusion of all other sworn officers in the Administrative, Corrections and Court Security Bureaus, is appropriate notwithstanding the close community of interest shared by all of Du Page County's sworn officers?" (Emphasis in original.)

We note that Du Page County does not appeal from or raise any issue as to the order dismissing the representation petition.

In its brief, respondent Illinois State Labor Relations Board contends, *inter alia*, that this appeal is moot. It argues that respondent Fraternal Order of Police, Lodge No. 109, had stated in the administrative proceedings that it was unwilling to proceed to a representation election if the bargaining unit was determined by the Board to include deputy sheriffs other than patrol officers and officers working in the department's criminal bureau. The Labor Board did so determine and thus dismissed the Union's petition. The Labor Board notes

that there is now no petition pending for a unit which excludes correctional officers and that the Union's petition for an inappropriate unit has been withdrawn and no election is pending. The Labor Board considers that Du Page County has achieved the best result possible for it by the dismissal of the Union's petition and there is no relief this court can give it by this appeal. The Board concludes that Du Page County has suffered no injury and is merely asking this court for an advisory opinion as to whether the deputy sheriffs who are correctional officers are "peace officers" under the Illinois Public Labor Relations Act. The Labor Board notes that Du Page County asks this court to reverse the reasoning in the decision but does not seek reversal of the decision which dismissed the representation petition.

In its brief, respondent Fraternal Order of Police, Lodge No. 109, does not address the mootness issue but contends that the portion of the decision of the Labor Board which excluded the correctional officers from the bargaining unit should be affirmed. The Union also does not address the decision of the Labor Board which dismissed the Union's petition, which the Board considered to have been withdrawn by the Union's refusal to proceed to the election stage unless for the unit sought by it.

The Union also notes in its brief that it filed a separate appeal in the Appellate Court for the First District from the same decision of the Labor Board which we consider in this appeal. The Union states that it there challenges the inclusion of the bailiffs in the bargaining unit and the dismissal of its representation petition by the Labor Board.

(We note that by an order of the Appellate Court, First District, which was approved by the presiding judge of the Appellate Court, Second District, the Union's appeal was transferred to and docketed in this court on February 27, 1989. The briefs of all of the parties to that appeal have not yet been filed in this court, a factor which precluded its consolidation with the present appeal in which oral argument was heard on April 13, 1989. In the parallel appeal sought to be brought by the Union, it contends in its brief that the Labor Board correctly excluded the corrections officers from the bargaining unit and, if this court reverses the Labor Board's inclusion of the bailiffs in that unit, states the effect would be to reverse the dismissal of the Union's petition since it agrees to proceed to an election on the resulting bargaining unit. The Union does not there address any claimed error by the Labor Board in dismissing the petition.)

Du Page County responds to the mootness question in its reply brief, asserting that it has standing to appeal as it is a party ag-

grieved by a final order of the Labor Board and entitled to judicial review pursuant to section 9(2)(i) of the Act (Ill. Rev. Stat. 1987, ch. 48, par. 1609(2)(i)). It contends that, unless reversed, the decision will forever bind the Du Page County sheriff's department, as it will be considered by the Labor Board as a final adjudication of the appropriate bargaining unit for that department. In support of its argument, Du Page County cites cases which must be distinguished as they stand only for the proposition that the question of the composition of a bargaining unit which has been determined in a representation hearing cannot be relitigated in a subsequent unfair labor practice proceeding between the parties. See *City of East St. Louis*, 3 Pub. Employee Rep. (Ill.) par. 2015, No. S—CA—87—20 (Illinois State Labor Relations Board, Jan. 12, 1987); *City of Chicago*, 3 Pub. Employee Rep. (Ill.) par. 3017, No. L—CA—87—181 (Illinois State Labor Relations Board, April 15, 1987); *Klines Potato Chips* (1985), 274 NLRB No. 88. But see *Rockford Township Highway Department v. Illinois State Labor Relations Board* (1987), 153 Ill. App. 3d 863, 876-77, 506 N.E.2d 390.

Du Page County also refers to a decision of the Labor Board in *Cook County Hospital*, 4 Pub. Employee Rep. (Ill.) par. 3017, No. L—RC—88—20 (Illinois State Labor Relations Board, May 18, 1988). There, the Labor Board had dismissed a prior representation petition by a union on the grounds that the physicians which the union sought to represent were supervisors and thus excluded by statute from inclusion in a bargaining unit with nonsupervisors. Thereafter, the same petitioner-union filed a second petition relating to attending physicians at Cook County Hospital, which differed in some respects from the earlier petition which had been dismissed, and it too was dismissed by the Labor Board's executive director. The union filed an appeal but withdrew its petition before the Board had ruled on it. A third petition was then filed by the union, with some changes, and it too was dismissed on the same ground that the physicians in question were managerial employees. On appeal to the Labor Board, the executive director's ruling was sustained as the Board considered that it had determined the status of those employees in the initial hearings under the union's first petition. Du Page County expresses concern that, similarly, the Labor Board will consider its findings in the present case to be *res judicata* or to estop Du Page County from relitigation of the composition of a sheriff's department bargaining unit which may be proposed in a new petition filed by the Union.

In oral argument, we requested that counsel for the Labor Board advise the court whether it considered that the findings of fact and law made by it before dismissing the representation petition would

have a *res judicata* effect. Counsel replied that she did not know the position of the Board in the matter, a response which we have difficulty in understanding. After oral arguments, Du Page County filed a motion that this case be remanded to the Labor Board for it to express whether it considers the findings to be *res judicata* should a new petition be filed by the Union.

Both the Labor Board and the Union have filed objections to the request to remand and urge it be rejected. The Board states it has no authority to render advisory opinions but that it will make the determination in question at such time as a new petition for representation may come before it. In its objection to remand, the Union adopts the objections of the Labor Board filed on its behalf by the Attorney General and also states that the Du Page County argument that relitigation would be barred has no support in law, citing *Rockford Township Highway Department v. Illinois State Labor Relations Board* (1987), 153 Ill. App. 3d 863, 876-77, 506 N.E.2d 390. We have taken the motion to remand, and objections, with the case and now deny it.

■ We find that this appeal is moot and must be dismissed. Our supreme court noted in *First National Bank v. Kusper* (1983), 98 Ill. 2d 226, 456 N.E.2d 7, that a matter is considered moot when no actual controversy, interests, or rights of the parties are involved or where the issues have ceased to exist. When any judgment which a court might render would be without effect for want of a subject matter on which to operate and could only have an advisory effect, no court should decide the case. 98 Ill. 2d at 233-34.

■ The representation petition filed by the Union here was dismissed by the Labor Board, as recommended by its hearing officer, on the ground the petitioner-union declined to proceed with an election in a bargaining unit structured as found to be appropriate by the Board. The Union did, in effect, withdraw its petition from further consideration, and we believe that the Labor Board correctly determined it should then be dismissed. That decision was analogous to a voluntary dismissal under section 2—1009 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1009) and does not bar a subsequent cause of action. (*Baird & Warner, Inc. v. Addison Industrial Park, Inc.* (1979), 70 Ill. App. 3d 59, 63, 387 N.E.2d 831.) *Cook County Hospital,* to which Du Page County looks with concern, presents different circumstances and may not be considered as any authority in the present case. There, the Labor Board heard and decided on the merits that certain employees were supervisors of the employer, and the first representation petition was dismissed by the Labor Board on that basis. No review of that decision was sought by the petitioner.

When a new petition was brought by the same petitioner against the same employer relating to the same employees, the Labor Board dismissed it as the issue had been previously determined. That dismissal was similar to an involuntary dismissal under section 2—619(4) of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619(4)).

The only decision made by the Labor Board in the present case was to dismiss the petition on ground that did not relate to the merits of the substantive matter before it as the petitioner was unwilling to proceed. The findings of fact and conclusions of law also noted by the Board cannot have a *res judicata* or other estoppel effect on the parties as no final judgment on the merits was entered. (See *Housing Authority v. YMCA* (1984), 101 Ill. 2d 246, 251-52, 461 N.E.2d 959.) The only judgment or decision entered in this case was the order dismissing the representation petition on the ground stated, and any findings made by the Labor Board in that proceeding which did not relate to the dismissal of the petition cannot operate as a bar in a subsequent proceeding.

In this appeal taken by the employer, Du Page County, we are not asked to review or reverse the dismissal of the Union's representation petition, but to consider and reverse, in part, certain unrelated findings of the Labor Board. Any opinion we may enter as to those issues in this appeal could only be advisory, and we decline to do so.

The Labor Board's posture in this matter is something of an anomaly. It argues, we think correctly, that the appeal is moot and not reviewable, yet it is unwilling to express whether the Board considers its other findings, which we consider do not relate to its dismissal decision, will bind the parties in future representation proceedings which may arise between them. We believe that question is resolved by this opinion.

We do not consider here the merits of the pending parallel appeal brought by the Union from the same Labor Board decision as in the present case. The briefing of the parties is not yet complete and their arguments will be evaluated when presented.

Accordingly, the appeal will be dismissed as moot.

Appeal dismissed.

INGLIS and WOODWARD, JJ., concur.