FRATERNAL ORDER OF POLICE LODGE NO. 109, Petitioner-Appellant, v. THE ILLINOIS LABOR RELATIONS BOARD *et al.*, Respondents-Appellees.

Second District   No. 2—89—0183

Opinion filed October 18, 1989.

Anne Wells Clark, of Asher, Pavalon, Gittler & Greenfield, Ltd., of Chicago (Joel D'Alba, of counsel), for petitioner.

Neil F. Hartigan, Attorney General, of Springfield, and Jacalyn Zimmerman, of Illinois State Labor Relations Board, of Chicago (Robert J. Ruiz, Solicitor General, and Valerie J. Peiler, Assistant Attorney General, of Chicago, of counsel), for respondent Illinois State Labor Relations Board.

James E. Ryan, State's Attorney, of Wheaton, and Elise A. Elconin, of Seyfarth, Shaw, Fairweather & Geraldson, of Chicago (Joseph S. Bongiorno, Assistant State's Attorney, and James Baird, of counsel), for respondents County of Du Page and Du Page County Sheriff's Department.

JUSTICE REINHARD delivered the opinion of the court:

Petitioner, the Fraternal Order of Police, Lodge No. 109 (FOP), filed a certification petition with the Illinois Labor Relations Board (ILRB) pursuant to the Illinois Public Labor Relations Act (Ill. Rev. Stat. 1987, ch. 48, par. 1601 *et seq.*) naming as respondents the County of Du Page, the Du Page County sheriff's department, and the ILRB. The petition sought certification of a bargaining unit consisting of all peace officers below the rank of sergeant employed by Du Page County, excluding bailiffs and correctional officers. Following a hearing before a hearing officer of the ILRB, at which it was determined the bargaining unit included bailiffs and correctional officers, the ILRB, upon review, found that the bargaining unit should include bailiffs and exclude correctional officers. The FOP appeals that part of the ILRB decision including bailiffs in the peace-officer bargaining unit. Respondents, the County of Du Page and the Du Page County sheriff's department, in a separate appeal, challenged the exclusion of the correctional officers, and this court dismissed the appeal as moot. *County of Du Page v. Fraternal Order of Police, Lodge 109* (1989), 183 Ill. App. 3d 1027, 539 N.E.2d 863.

The only issue raised in this appeal is whether the Du Page County bailiffs should be included in the peace officer bargaining unit sought by the FOP.

The relevant facts may be briefly stated as follows. The Du Page County sheriff's department employs three classifications of deputy sheriff: patrol officer, bailiff, and correctional officer. Deputy positions are filled by the merit commission, and under the current system, a deputy may not transfer from one classification to another without

submitting a new application and going through the merit commission process. Additionally, there are four bureaus within the sheriff's department consisting of the administrative bureau, the criminal bureau, the corrections bureau, and the court security bureau.

Bailiffs are employed within both the warrants and transportation unit of the criminal bureau and the court security bureau. In the warrants and transportation unit, bailiffs are responsible for picking up prisoners at the jail and transporting them to medical facilities or to court and returning them. Bailiffs also search the prisoners prior to and following transport. Bailiffs also transport to Du Page County jail prisoners held in custody by municipal police departments or sheriffs' departments in the five counties surrounding Du Page County.

Bailiffs who are employed in the court security bureau are also responsible for courtroom security and maintenance of order within the courtrooms and hallways. They further escort sequestered jurors and supervise jurors' conduct. Bailiffs are authorized to and do on occasion make arrests in and around the courthouse. Bailiff Brechtel testified at the hearing that he has made arrests by order of a judge, on his own initiative as a result of a disturbance in or around a courtroom or hallway, and pursuant to request by assistant State's Attorneys who identify wanted persons in the court facilities.

Bailiffs receive a two-week training course which consists primarily of court security and hostage negotiation. Bailiffs in the warrants and transportation unit are also trained in arrest, search and seizure, and civil liability. Bailiffs are also required to complete the State-mandated 40-hour firearms training course and to be recertified periodically by taking additional firearms training through the sheriff's department.

Bailiffs, as well as patrol and correctional officers, are sworn and take an oath of office. They are uniformed, wear badges, and are authorized to carry firearms, although they do not always carry weapons in the courtroom.

■ An administrative agency's findings of fact are *prima facie* true and correct and will not be disturbed unless they are against the manifest weight of the evidence. (*Collura v. Board of Police Commissioners* (1986), 113 Ill. 2d 361, 372-73, 498 N.E.2d 1148.) Further, as a general rule, courts will accord deference to the interpretation placed on a statute by the agency charged with its administration, but such agency's interpretation is not binding and will be rejected when it is erroneous. (*City of Decatur v. American Federation of State, County & Municipal Employees, Local 268* (1988), 122 Ill. 2d 353, 361, 522 N.E.2d 1219.) Here, the parties agree that we are concerned

only with an interpretation of the statute, as applied to the facts, which is a question of law.

Section 3(s)(1) of the Illinois Public Labor Relations Act (Act) states, in pertinent part:

"(s)(1) 'Unit' means a class of jobs or positions which are held by employees whose collective interests may suitably be represented by a labor organization for collective bargaining. *** A bargaining unit determined by the Board to contain peace officers shall contain no employees other than peace officers unless otherwise agreed to by the employer and the labor organization or labor organizations involved." (Ill. Rev. Stat. 1987, ch. 48, par. 1603(s)(1).)

Section 3(k) of the Act defines "peace officer" as:

"(k) 'Peace officer' means, for the purposes of this Act only, any persons who have been or are hereafter appointed to a police force, department or agency and sworn or commissioned to perform police duties, except the following persons shall not be included: part-time police officers, special police officers, auxiliary police as defined by Section 3—6—5 of the Illinois Municipal Code, night watchmen, 'merchant police', temporary employees, traffic guards or wardens, civilian parking meter and parking facilities personnel or other individuals specially appointed to aid or direct traffic at or near schools or public functions or to aid in civil defense or disaster, parking enforcement employees who are not commissioned as peace officers and who are not armed and who are not routinely expected to effect arrests, parking lot attendants, clerks and dispatchers or other civilian employees of a police department who are not routinely expected to effect arrests, or elected officials." Ill. Rev. Stat. 1987, ch. 48, par. 1603(k).

We must, therefore, determine whether bailiffs employed by the Du Page County sheriff's department are peace officers as defined by section 3(k) of the Act. Neither party cites, nor does our research disclose, any case interpreting this section of the statute under similar circumstances.

■ Section 3(k) defines peace officer as any person appointed to a police agency and "sworn or commissioned to perform police duties." (Ill. Rev. Stat. 1987, ch. 48, par. 1603(k).) In the present case, there is no question that the bailiffs are appointed to the sheriff's department and sworn in. The only issue which remains is whether they perform "police duties" as that term is used in the Act. We note at this point that we give effect to the term "peace officer" as it is de-

fined in section 3(k), as the legislature apparently intended to provide, for purposes of the Act, an exclusive definition of "peace officer" within the Act. See Ill. Rev. Stat. 1987, ch. 48, par. 1603(k); see also 84th Ill. Gen. Assem., Senate Debates, June 26, 1985, at 115-16.

Generally, police duties encompass a wide variety of law enforcement and order-maintenance functions including arrest, crime prevention and deterrence, crowd control, investigation, providing aid, and creating and maintaining a feeling of security. (See Trends and Issues 89: Criminal and Juvenile Justice in Illinois, Illinois Criminal Justice Information Authority 26 (1989); see also J. Senna & L. Siegel, Introduction to Criminal Justice 183—92 (4th ed. 1987).) While we recognize the almost endless variations of police duties that might be found between various police agencies, or within a given agency, our concern is whether the Du Page County bailiffs perform police duties. Our inquiry, therefore, is not whether the bailiffs in Du Page County perform all possible police duties or whether they perform the same duties as the patrol officers; rather, we must determine whether the duties performed by Du Page County bailiffs are police duties.

The record establishes that bailiffs are uniformed and wear badges while performing their job functions. The fact that they are uniformed and wear a badge indicates that they are performing a crime prevention and deterrence function. Uniformed, and sometimes armed, bailiffs, visibly present in and around the courtrooms and hallways, certainly contribute to order maintenance. In fact, they are required to maintain the public order. The presence of the armed, uniformed bailiffs also contributes to a feeling of security, not only for witnesses, victims and courtroom personnel, but also for the general public who might be present. Additionally, the bailiffs do occasionally search various persons for weapons or contraband, which further contributes to a feeling of security and order maintenance.

The bailiffs also are authorized to and do make arrests in and around the court facilities. Bailiff Brechtel's unrebutted testimony establishes that in his capacity as bailiff, he has arrested hundreds of persons as a result of a judge's directive, on his own initiative, and when requested to do so by assistant State's Attorneys. It is clear that making arrests is an integral part of the bailiff's duties.

■ We believe, under the particular circumstances present here, Du Page County bailiffs perform police duties as that term is used in section 3(k) of the Act and are, therefore, peace officers within the meaning of section 3(k).

We are mindful of the differences between Du Page County patrol officers and bailiffs in terms of the respective duties and training of

each. We do not believe, however, that the legislature intended to require all persons included in a peace-officer bargaining unit to perform exactly the same police duties and have the same training. For example, we note that Du Page County detectives and Du Page County patrol officers, both of whom have been included in the proposed bargaining unit, do not perform the same police duties. The detectives, unlike the patrol officers, do not routinely wear uniforms, perform crowd control functions, write traffic tickets, or patrol in marked squad cars. Yet, it is indisputable that the detectives are peace officers within the meaning of section 3(k) of the Act. Consequently, whether bailiffs perform the same duties as patrol officers is of little consequence to the issue of whether the bailiffs perform police duties. While the required training for bailiffs and patrol deputies is different, the bailiffs do receive firearms training and court security and hostage negotiation training which is pertinent to the police duties they perform.

None of the exceptions set forth in section 3(k) of the Act are applicable here. Bailiffs are not one of the groups expressly set forth as being excluded from a peace-officer bargaining unit. Had the legislature sought to exclude bailiffs, as a general class, from inclusion in a peace-officer bargaining unit, it could have expressly done so, as it did with numerous other groups.

■ Neither do the Du Page County bailiffs fit within any of the enumerated exceptions in section 3(k). The FOP's contention that the Du Page County bailiffs are special police is specious at best, and we do not find section 173 of the Chicago Municipal Code (Chicago Municipal Code §§173—1 to 173—9 (1984)), defining special police, to be relevant to this inquiry, as urged by the FOP. It is clear that Du Page County bailiffs do not fit within the definition of special police officer as set forth in a City of Chicago ordinance, and the ordinance itself states it is inapplicable to deputy sheriffs of Cook County.

For the foregoing reasons, we affirm the decision of the Illinois Labor Relations Board.

Affirmed.

UNVERZAGT, P.J., and INGLIS, J., concur.