(No. 43845.—

THE PEOPLE *ex rel.* LORELEI NEWDELMAN *et al.,* Appellees, v. EDWARD T. WEAVER, Director Illinois Department of Public Aid *et al.,* Appellants.

*Opinion filed January 14, 1972.*

RYAN and GOLDENHERSH, JJ., took no part.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (FRANCIS T. CROWE and SAMUEL E. HIRSCH, Assistant Attorneys General, and THOMAS E. BRANNIGAN, Assistant State's Attorney, of counsel,) for appellants.

ROBERT M. BERGER and GORDON H. S. SCOTT, both of Chicago, for appellees.

MR. JUSTICE WARD delivered the opinion of the court:

Lorelei Newdelman, Mary Daniels, Pearleane Oden, Victoria B. Figures, Yvonne Marshall, and Annie Mae Weeden brought an action in the circuit court of Cook County for a writ of *mandamus* to compel the director of the Illinois Department of Public Aid (whom we shall call the Illinois Director) to promulgate a regulation authorizing the Director of the Cook County Department of Public Aid (the Cook County director) to grant one month rent security deposits to welfare recipients in accordance with section 12–4.11 of the Illinois Public Aid Code. (Ill.Rev.Stat. 1967, ch. 23, par. 12–4.11.) That section provides in part: "If recipients can obtain adequate shelter only if a security deposit is given the landlord, the Department may furnish one month's rent as a security deposit. This provision shall be operative only to the extent that Federal participation in program costs is not adversely affected by such programs, and does not foster the granting of duplicate assistance." In a second count, they sought a declaratory judgment on the ground that the quoted portion of the statute requires the Illinois Director to allow security deposits when the described statutory conditions appear.

The plaintiff Lorelei Newdelman is not a recipient of public aid, and brought the action as a taxpayer-resident. The other plaintiffs are public aid recipients. These plaintiffs, as an alternative to *mandamus* and declaratory relief, in a third count asked under the Administrative Review Act for administrative review of the refusal of the Cook County director to allow them rent security deposits. William H. Robinson, the director of the Cook County Department of Public Aid, was also named as a defendant in the three counts, and it was requested that he be directed to provide the rent security deposits.

The defendants moved to dismiss counts one and two (seeking *mandamus* and declaratory judgment) of the complaint on three grounds: (1) under section 12—4.11 it was completely within the discretion of the Illinois director to authorize or refuse to authorize the allowance of the cash security deposits; (2) even if the statute requires him to allow a deposit in an appropriate case, the duty is not a public duty so as to be subject to a writ of *mandamus;* (3) and, in any event, the Public Aid Code (Ill.Rev.Stat. 1967, ch. 23, par. 11—8.7) provides that the provisions of the Administrative Review Act (Ill.Rev.Stat. 1967, ch. 110, par. 264, *et seq.*) shall constitute the exclusive procedure for reviewing the administrative action of welfare officials.

The circuit court held that the Director of Public Aid had a public duty to provide security deposits in appropriate cases, but nevertheless granted the defendants' motion to dismiss the plaintiffs' petition for *mandamus* and declaratory relief on the ground that the Administrative Review Act provides the exclusive method for reviewing actions of the public aid director. The circuit court also dismissed the alternative request of the five welfare recipient plaintiffs for review of the Cook County Aid director's refusal to grant their individual requests for rent security deposits on the ground that they had failed to exhaust their administrative remedies.

The Appellate Court for the First District reversed the judgment dismissing the plaintiffs' petition for a writ of *mandamus* and prayer for declaratory judgment. (*People ex rel. Newdelman v. Swank (Ill.App. 1970), 264 N.E.2d 794.*) Because of its holding that the plaintiffs could seek *mandamus* and declaratory relief, that court specifically refused to pass upon the dismissal of the alternative request of the five welfare recipient plaintiffs for administrative review of the denial of their requests for security deposits. We granted the defendants leave to appeal.

Before this decision of the appellate court was handed down, another division of that court announced its decision in a separate, but related action (*Figures v. Swank, 128 Ill.App.2d 211*), which involved a public aid recipient's right to a rent security deposit. Victoria Figures, one of the plaintiffs here, after the filing of the action we consider here, had made another request to the Cook County Department of Public Aid for a security deposit. When her request was denied, she filed an administrative appeal of the denial to the Illinois Director. Upon the Illinois Director's affirmance of the refusal to grant her a deposit on the ground that his policy was never to furnish cash security deposits, Mrs. Figures sought administrative review in the circuit court of Cook County under the Illinois Administrative Review Act. The circuit court held that section 12–4.11 of the Public Aid Code imposed a duty upon the Illinois Director to authorize the issuance of rent security deposits when the conditions of the statute had been met and ordered that Mrs. Figures be provided the deposit she requested. It was this judgment of the circuit court that was affirmed in *Figures v. Swank, 128 Ill.App.2d 211.* We denied the Illinois Director's petition for leave to appeal from that decision.

After the appeal in the matter before us was filed, the Illinois Director, in compliance with the holding in

*Figures v. Swank,* issued a directive in which he changed his policy and authorized the furnishing of security deposits in proper cases. Though the directive does not appear in the record here, it can be judicially noticed. *Nordine v. Illinois Power Co., 32 Ill.2d 421; Department of Public Welfare v. Bohleber, 21 Ill.2d 587.*

We judge that the issuance of the directive has dissipated the controversy on which this litigation was founded and which was considered by the circuit and appellate courts. The plaintiffs have secured what they basically sought. This court said in *City Bank and Trust Co. v. Board of Education, 386 Ill. 508, at p. 519:* "A question is said to be moot when it presents or involves no actual controversy, interests or rights of the parties *(Wick v. Chicago Telephone Co., 277 Ill. 338),* [or] where the issues have ceased to exist. *(Jones v. Clark, 355 Ill. 527.)*" In *LaSalle National Bank v. City of Chicago, 3 Ill.2d 375,* the plaintiffs secured *inter alia* a writ of *mandamus* to compel the city of Chicago to issue a license to operate a nursing home. During the pendency of an appeal to this court the city did issue the license. This court held that the question as to the issuance of the license had become moot. It was said at pp. 378-379: "A case is moot when it does not involve any actual controversy. [Citation.] Where the issues involved in the trial court no longer exist, an appellate court will not review a case merely to decide moot or abstract questions, to establish a precedent, or to determine the right to, or the liability for, costs, or, in effect, to render a judgment to guide potential future litigation. [Citations.]"

In cases where the issues have become moot, the appeals typically have been dismissed. However, were we to do this here we would leave standing the decision of the appellate court that the Administrative Review Act does not preclude persons such as these plaintiffs from seeking *mandamus* or declaratory relief. Because we do not review the correctness of this conclusion, it appears

appropriate that such judgment of the appellate court be set aside. We therefore reverse the judgment of the appellate court without comment on its merits and remand the cause to the circuit court of Cook County with directions to dismiss the complaint. For situations with some resemblance to the one here where courts including our own have taken similar actions, see *LaSalle National Bank v. City of Chicago, 3 Ill.2d 375; Brownlow v. Schwartz, 261 U.S. 216, 67 L.Ed. 620.*

*Reversed and remanded, with directions.*

RYAN and GOLDENHERSH, JJ., took no part in the consideration or decision of this case.