Argued and submitted July 23, appeal dismissed August 18,
reconsideration denied September 11,
petition for review denied September 23, 1980 (289 Or 677)

GORCIAK III,
*Appellant,*

*v.*

PAULUS et al,
*Respondents,*
*and*
DAVIS,
*Intervenor-Respondent.*

(No. 118 321, CA 17753)

615 P2d 411

Gregory A. Hartman, Portland, argued the cause for appellant. On the brief were Charles S. Tauman, and Willner, Bennett, Bobbitt & Hartman, Portland.

John B. Leahy, County Counsel for Multnomah County, Portland, argued the cause and filed the brief for respondents Radakovich and Multnomah County.

Paul C. Paulsen, Portland, argued the cause and filed the brief for intervenor-respondent Davis.

Jan P. Londahl, Assistant Attorney General, Salem, waived appearance for respondent Secretary of State.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

JOSEPH, P.J.

## JOSEPH, P.J.

Plaintiff brought suit seeking to have the defendants enjoined from certifying Drew Davis as a candidate for State Representative in Representative District 20 on the May 20, 1980, primary ballot on the ground that Davis was not "an inhabitant" of the district as required by Article IV, section 8 of the Oregon Constitution. Defendants' motion to dismiss on the ground that the court did not have subject matter jurisdiction of the suit was allowed and judgment was entered in favor of the defendants. Plaintiff appealed. [1]

■■ May 20 is long since passed, and we take judicial notice that the primary election was held on that date. ORS 41.410(2). Nothing that we might do at this time in this case could have any effect on that past event. The case is, therefore, moot, and this appeal must be dismissed.

Appeal dismissed.

---

[1] In this court defendant Radakovich appeared by the Multnomah County Counsel. Davis, as intervenor, also appeared through counsel. We were advised by the Attorney General that the Secretary of State "takes a neutral position on the merits and does not request representation in the above-entitled case." Neither the State of Oregon nor the Secretary of State, therefore, have appeared. How the Secretary of State could have moved to dismiss, prevailed on that motion and then take a "neutral position" on the question of her constitutional powers is a matter that surpasses understanding.