The CITY OF VALDEZ, Alaska, Appellant,

v.

GAVORA, INC., Appellee.

Nos. S–251, 5934.

Supreme Court of Alaska.

Dec. 21, 1984.

Kenneth P. Jacobus, Hughes, Thorsness, Gantz, Powell & Brundin, Anchorage, for appellant.

Joseph W. Sheehan, Fairbanks, for appellee.

Before BURKE, C.J., and RABINO-WITZ, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

PER CURIAM.

This case involves two consolidated appeals. Both appeals originate from the Valdez City Council's April 11, 1979, replat of a subdivision, that extinguished the Alatna Street easement owned by Gavora, Inc. (Gavora). In the first appeal, No. 5934, the City of Valdez seeks to reverse the superior court's March 17, 1981, judgment declaring the replat invalid and restoring Gavora's easement. Pending the appeal, the parties entered into a settlement agreement. When Gavora refused to stipulate to a vacation of the superior court's judgment, Valdez moved to vacate or amend the judgment pursuant to Alaska Civil Rule 60(b)(5), (6). In the second appeal, No. S-251, Valdez seeks to reverse the superior court's denial of its Rule 60(b) motion.

■ The settlement of a controversy pending appeal leaves no substantial matter to be determined, rendering the appeal moot.[1] The terms of the March 26, 1982, settlement agreement resolved the dispute over the Alatna Street easement. Gavora agreed to waive any claim of interest it had to the Alatna Street easement, in exchange for alternate access to its property via an easement along Pioneer Drive. By this agreement, Gavora contracted away any rights it had to the easement. Thus, Appeal No. 5934, challenging Gavora's right to the Alatna Street easement, is moot.[2]

■ Furthermore, Gavora signed a "Satisfaction of Judgment" on March 29, 1982. The general rule is that a payment or satisfaction operates as a discharge of the judgment.[3]

[O]nce a judgment has been paid and fully satisfied according to its terms it becomes extinguished, a dead thing, and is no longer a judgment in the sense that a judgment fixes and finally establishes the rights and obligations of the parties thereto.

*Mitchell v. Lindly*, 351 P.2d 1063, 1067 (Okla.1960), quoting *Sweeney v. Black River Lumber Co.*, 4 La.App. 244 (La.1927).

■ The judgment which fixed and established Gavora's rights in the Alatna Street easement is now "extinguished, a dead thing." To preclude this extinguished judgment from operating in any future action between the parties, as res judicata, we adopt the federal practice which is to reverse or vacate the judgment below and remand the case, with directions to dismiss the complaint. *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39, 71 S.Ct. 104, 106, 95 L.Ed. 36, 41 (1950).[4] This practice

---

1. *See* 5 Am.Jur.2d *Appeal and Error* § 763 (1962). *See also Amalgamated Ass'n. of Street, Elec. Ry. & Motor Coach Employees v. Wisconsin Employment Relations Bd.*, 340 U.S. 416, 71 S.Ct. 373, 95 L.Ed. 389 (1951) (question concerning validity of arbitrator's award moot where award was superceded by an agreement of the parties); *Farmers Elevator Co. v. First National Bank*, 181 Colo. 231, 508 P.2d 1261 (1973) (stipulation of parties of satisfaction of judgment rendered appeal moot); *Northern Utilities, Inc. v. Public Service Comm'n.*, 620 P.2d 139 (Wyo. 1980) (question became moot when subsequent to submission of appeal, parties compromised their differences).

2. Even though the parties have not raised the issue of mootness themselves, this court has the power to dismiss moot appeals. *Johansen v. State*, 491 P.2d 759, 761 (Alaska 1971).

3. *See* 47 Am.Jur.2d *Judgments* § 992 (1969).

4. *See generally* Comment, *Disposition of Moot Cases by the United States Supreme Court*, 23 U.Chi.L.Rev. 77 (1955). *See also Paul v. Milk Depots, Inc.*, 62 Cal.2d 129, 41 Cal.Rptr. 468, 396 P.2d 924 (1964); *Moon v. Investment Bd.*, 102 Idaho 131, 627 P.2d 310 (1981); *People ex rel. Newdelman v. Weaver*, 50 Ill.2d 237, 278 N.E.2d

is intended to "prevent a judgment, unreviewable because of mootness, from spawning any legal consequences." [5]

Accordingly, without commenting on the merits, we vacate the judgment which restored the Alatna Street easement to Gavora and remand the case to the superior court, with directions to dismiss Gavora's complaint.

In view of this ruling, the companion appeal, No. S–251, challenging the superior court's denial of Valdez's Civil Rule 60(b) Motion to Amend or Vacate the Judgment, is also moot, since the city has now obtained the relief sought by that motion. The appeal, therefore, will be dismissed.

The judgment in Appeal No. 5934 is VACATED and the case REMANDED, with directions. Appeal No. S–251 is DISMISSED.

81 (1972); *Rio Arriba County Bd. of Ed. v. Martinez,* 74 N.M. 674, 397 P.2d 471 (1964); *Merhish v. H.A. Folsom & Assoc.,* 646 P.2d 731 (Utah 1982); *Board of Trustees v. Bell,* 662 P.2d 410 (Wyo.1983).

5. *Munsingwear,* 340 U.S. at 41, 71 S.Ct. at 107, 95 L.Ed. at 42.