INDEPENDENT COIN PAYPHONE ASSOCIATION, Petitioner-Appellant, v. THE ILLINOIS COMMERCE COMMISSION *et al.,* Respondents-Appellees.

First District (5th Division)  No. 87—0966

Opinion filed May 13, 1988.

John F. Ward, Jr., and Michael W. Ward, both of O'Keefe, Ashenden, Lyons & Ward, of Chicago, for petitioner.

Neil F. Hartigan, Attorney General, of Springfield (Kathleen Nolan, Special Assistant Attorney General, of Chicago, of counsel), for respondent Illinois Commerce Commission.

Alan L. Unikel, of Alexander, Unikel, Zalewa & Tenenbaum, Ltd., of Chicago, and Margolis, Chase, Kosicki, Aboyoun & Hartman, P.A., of Verona, New Jersey (Eric L. Chase, of counsel), for respondent Phone Programs of Illinois, Inc.

JUSTICE MURRAY delivered the opinion of the court:

This is a judicial review of a January 21, 1987, order of Illinois Commerce Commission approving a tariff filed by the Illinois Bell Telephone Co. The review is taken by the Independent Coin Payphone Association (Association). In addition to the Illinois Bell Telephone Company and the Illinois Commerce Commission, a corporation known as Phone Programs of Illinois, Inc., are respondents.

The parties are all engaged in the telephone industry except the Illinois Commerce Commission. As a result, the briefs are filled with initials and numbers rather than words. For example, the petitioner calls itself I.C.P.A.; the Illinois Commerce Commission is I.C.C.; the Illinois Bell Telephone Company is I.B.T.; the case involves Public Announcement Service referred to in the briefs as P.A.S. The area being serviced is Chicagoland and is called M.S.A. in the briefs. The involved telephone number has a prefix of 976. In telephone jargon I.C.P.A. is appealing from an order of the I.C.C. approving a tariff for P.A.S. in M.S.A. over 976. In addition to I.C.C. and I.B.T., P.P.I, which supplies P.I. (Public Information) to I.C.P.A. and others is a respondent in the case.

The court will attempt to use words and phrases rather than letters and numbers to explain the case hoping, at least, to delay the day computers fully take over the judiciary.

The case started when the telephone company filed a tariff with the Commission restructuring its local exchanges offering of Public Announcement Service in the Chicago area. Public Announcement Service includes telephone calls over a prefix of 976 to obtain information, such as time, weather, and other information. To those of the readers that were babies 50 years or so ago, the information as to

weather could be gotten by asking the, now extinct, telephone operator for the number "Weather 1212" or the time by the number "Cathedral 8000." Since the telephone operator has been replaced by a computer, the telephone industry has to use letters and numbers in place of words like Midway, Beverly, Englewood, Yards, Hyde Park and other familiar Chicago names.

The Association intervened in the tariff case contending that the telephone company's proposed tariff violated the Universal Telephone Service Protection Law of 1985 (Ill. Rev. Stat. 1987, ch. 111⅔, par. 13—100 *et seq.*). The Association's members, the Association claims, were discriminated against by the proposed tariff in violation of the cited law. The Association's members competed with the telephone company in rendering the Public Information Service in the Chicago area. The Phone Programs of Illinois, Inc. (The Phone Corporation), programs information that is conveyed to the consumer over the Public Announcement Service.

Subsequent to January 21, 1987, the telephone company filed with the Commission a request to block access to the Public Announcement Service from Illinois Bell Telephone payphones over its prefix 976. The stated reason for this action was objections by some of its customers to the information emanating from the Service. On February 28, 1988, the Illinois Commerce Commission approved this request. Illinois Bell Telephone Company has now moved to dismiss the Association's appeal as moot. They are joined in this motion by the other respondents. We have taken the motion with the case because of the objections of the petitioner, Association.

The petitioner Association now contends that there is nothing to stop the phone company from unblocking the 976 prefix on its coin service and reenter the field with the discriminatory rate and, even though they do not, the case falls within the "public interest" exception to the mootness doctrine.

We disagree and grant the motion to dismiss.

■ An issue on appeal relating to orders of the Illinois Commerce Commission becomes moot when events occur which make it impossible for the reviewing court to grant effective relief. (*People ex rel. Hartigan v. Illinois Commerce Comm'n* (1985), 131 Ill. App. 3d 376, 378, 475 N.E.2d 635.) Events occurring during the pendency of litigation which dissipate the controversy on which the litigation was founded may render a case moot. *People ex rel. Newdelman v. Weaver* (1972), 50 Ill. 2d 237, 278 N.E.2d 81.

■ The February 28, 1988, order approving the telephone company's request to block access to its Public Announcement Service from

Illinois Bell Company payphones prevented its customers from placing Public Announcement calls from Illinois Bell's pay-coin phones. This action eliminated any question of discrimination in rates with respect to that service. It also precludes any order from this court reversing the January 21, 1987, order and remanding the cause to the Commission with directions to structure a fair and equitable rate.

No tariff now exists for the service by reason of the February 28, 1988, Commission action. Before the telephone company may renew its 976 prefix service and make charges for that or any other Public Information Service, it would be required to file a new tariff. (Ill. Rev. Stat. 1987, ch. 111⅔, par. 9—102.) In such case, the provisions of the Public Utility Act relating to nondiscriminatory charges and the Illinois Universal Telephone Protection Law of 1985 would have to be complied with. Ill. Rev. Stat. 1987, ch. 111⅔, par. 13—100 *et seq.*

During oral argument the attorney for the Commission stated to the court that the telephone company would be required to file a new tariff if it attempted to reenter the field. Thus, any fears by the Association or its members that "Ma Bell" is going to change her mind and reenter the field with a discriminatory rate at this juncture are groundless.

Although Illinois courts have held that the public interest is an exception to the mootness doctrine, the petitioner has not suggested just what public interest is involved in the case. At best, petitioner's appeals suggest that the telephone company may, after dismissal of this appeal, reenter the field with a discriminatory rate. Given the broad powers of the Illinois Commerce Commission over utility rates and this court's broadened jurisdiction over Illinois Commerce Commission orders, this court cannot and does not assume that future discriminatory rate would be countenanced by the Commission or approved by this court.

Accordingly, the motion to dismiss the appeal on the grounds of mootness is allowed and the appeal is dismissed.

To put it in language that even a computer can understand, I.C.P.A.'s petition to review an order of the I.C.C. involving the I.B.T. and P.P.I. concerning P.A.S. and P.I. on 976 in the M.A.S. is dismissed as moot and hopefully will R.I.P. (Rest in peace.)

Dismissed.

SULLIVAN and PINCHAM, JJ., concur.