Argued and submitted May 25, reversed and remanded with instructions to dismiss
August 8, reconsideration denied October 3, petition for review denied
November 6, 1990 (310 Or 547)

Sandra GOODWIN,
*Respondent,*

*v.*

Janice USHER,
*Appellant.*

(A8805-02543; CA A60799)

795 P2d 1112

Jack L. Kennedy, Portland, argued the cause for appellant. With him on the briefs were Daniel M. Ricks, Portland, and Kennedy, King & Zimmer, Portland.

John W. Heald, Jr., Portland, argued the cause for respondent. With him on the brief was Zikes, Kayser, Heald, & Chock, P.C., Portland.

Before Riggs, Presiding Judge, and Edmonds and De Muniz, Judges.

EDMONDS, J.

**EDMONDS, J.**

Defendant appeals from a judgment that set aside as fraudulent, conveyances made to her by her husband. Because the trial court erred in denying a motion to dismiss the complaint, we reverse.[1]

Plaintiff is the ex-wife of Lawrence Usher (Usher). In 1987, in another proceeding, plaintiff obtained a judgment against Usher. In an effort to collect that judgment, plaintiff brought this action against defendant to set aside certain conveyances in 1985-86 from Usher. On March 16, 1989, the trial court orally ruled in favor of plaintiff. Before entry of judgment, Usher paid the underlying judgment. Defendant moved to dismiss plaintiff's claims as moot because of the satisfaction of the underlying judgment. On April 17, the trial court held a hearing in which it denied the motion to dismiss and signed a judgment declaring the conveyances void *ab initio* and permitting execution on plaintiff's underlying judgment. At the hearing, counsel for plaintiff acknowledged that Usher had tendered into court the principal and the correct amount of interest due on the underlying judgment. Defendant's counsel also tendered the costs incurred in this case. Plaintiff's counsel replied:

> "I will give him a satisfaction on the costs and I'll satisfy the underlying judgment, of course, but not, not this judgment. This judgment is not a personal judgment against [defendant]. That - it's a finding that the transfers were fraudulent and that they should be set aside remains."

On April 18, plaintiff signed a satisfaction of the money judgment.

Defendant argues that the payment of the underlying judgment and costs in this case rendered plaintiff's claims moot. Plaintiff argues that, because the conveyances were void *ab initio,* no subsequent act can validate them. She also argues that her claim is not moot, because plaintiff continues to be a creditor of Usher for sums not yet due under the terms

---

[1] Because of our disposition of this case, we do not address defendant's other assignments of error.

of the marital settlement agreement and because she seeks an award of attorney fees on appeal.[2]

A claim becomes moot when, because of a change of circumstances before review, the decision would merely resolve an abstract question without practical effect. *State ex rel Juv. Dept. v. Holland*, 290 Or 765, 767, 625 P2d 1318 (1981). The general rule is that payment of a judgment discharges it so that it no longer has any legal effect. Once satisfied, the judgment is a "dead thing" in the sense that it no longer fixes the rights and obligations of the parties. *See, e.g., City of Valdez v. Gavora, Inc.*, 692 P2d 959, 960 (Alaska 1984); *Mitchell v. Lindly*, 351 P2d 1063, 1067 (Okla 1960). A satisfaction of judgment may not satisfy the entire obligation under the judgment, if it was intended to satisfy only part of the judgment. *See, e.g., Knaak v. Brown*, 115 Neb 260, 269, 212 NW 431 (1927).

We construe plaintiff's counsel's comments to be a judicial admission that the satisfaction of the judgment in this case was intended to satisfy the underlying judgment and costs in this case under ORCP 68. Plaintiff's complaint alleged only the underlying judgment as the basis of her claim that she was a creditor, and the judgment was granted on proof of that allegation. Plaintiff's argument that her claim is not moot, because she is a creditor as a result of other claims, was not litigated in the trial court, and we will not consider it here.

The issue remains as to the effect of the satisfaction of the underlying judgment on this judgment, which sets aside the conveyances as fraudulent. *Former* ORS 95.070[3] provided, in pertinent part:

"Every conveyance or assignment in writing or otherwise of any estate or interest in lands [or] goods * * * made with the intent to hinder, delay or defraud creditors * * * is void."

[2] Plaintiff filed a motion to amend the underlying judgment to allow additional attorney fees, which was denied by the trial court. Plaintiff has appealed separately from that order. That appeal is not now before us.

[3] ORS 95.010 *et seq* was replaced with the Uniform Fraudulent Transfer Act (UFTA), ORS 95.200 *et seq*, which took effect on January 1, 1986, and only applies to transfers occurring on or after that date. Or Laws 1985, ch 664, §§ 13, 19. We analyze defendant's assignment under both statutes, because plaintiff alleged that conveyances occurred both before and after January 1, 1986.

In *Seed v. Jennings,* 47 Or 464, 83 P 872 (1905), the court said:

"To enable a creditor herein to maintain a suit to set aside a conveyance by the debtor as fraudulent and void, he must show an unsatisfied judgment or an attachment upon a cause of action existing at the time of the conveyance; or on a cause of action arising subsequent thereto, and that in the latter event the conveyance was made with express intention of defrauding subsequent creditors." (Citations omitted.)

At the time that the trial court entered the judgment in this case, plaintiff was no longer a judgment creditor of Usher and she had made no allegation that the conveyances were made with the express intention of defrauding subsequent creditors. The trial court erred in setting aside the conveyances that occurred before January 1, 1986.

ORS 95.200 provides these relevant definitions:

"(3) 'Claim' means a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured.

"(4) 'Creditor' means a person who has a claim against a debtor."

ORS 95.260(1)(a) provides the remedies available to creditors:

"In any action for relief against a transfer or obligation under ORS 95.200 to 95.310, a creditor, subject to the limitations of ORS 95.270, may obtain:

"(a) Avoidance of the transfer or obligation *to the extent necessary to satisfy the creditor's claim.*" (Emphasis supplied.)

ORS 95.260(1)(a) allows avoidance of transfers only to the extent necessary to satisfy plaintiff's claim. When the judgment was satisfied, avoidance of the transfers was no longer available as a remedy, because plaintiff was not a creditor. Plaintiff's claim regarding conveyances after January 1, 1986, is therefore moot, and the trial court erred in denying defendant's motion.

Reversed and remanded with instructions to dismiss.