On appellant's motion filed October 15, 1998, motion to determine jurisdiction granted; jurisdiction upheld March 3, 1999

## STATE OF OREGON,
*Appellant,*

*v.*

## ANDREI LAVITSKY,
*Respondent.*

### (C9601-30470; CA A101772)

976 P2d 82

Timothy A. Sylwester, Assistant Attorney General, for motion.

Before Haselton, Presiding Judge, and Landau and Armstrong, Judges.

HASELTON, P. J.

## HASELTON, P. J.

In this state's appeal from a criminal defendant's sentence, the state, by motion to determine jurisdiction, has raised the issue of whether defendant's release to the custody of the Immigration and Naturalization Service for eventual deportation has rendered the appeal moot. We conclude that the appeal is not moot because the imposition of a longer sentence will have a practical effect on the right of the state to reincarcerate defendant and the obligation of defendant to serve a longer sentence. Accordingly, this court continues to have jurisdiction to determine the merits of this appeal.

On June 7, 1994, defendant was convicted of attempted murder and sentenced to 38 months in prison. At the time of that judgment, the victim was in a coma. When the victim died, the state charged defendant with murder. On July 23, 1996, the trial court found defendant guilty of the lesser-included charge of first-degree manslaughter and imposed a 65-month prison sentence, to be served concurrently with the 38-month sentence. Defendant appealed and this court eventually affirmed without opinion. *State v. Lavitsky*, 155 Or App 647, 967 P2d 532 (1998). While that appeal was pending, defendant moved the trial court for entry of a *nunc pro tunc* amended judgment providing that his 65-month sentence began to run on the date he began serving his 38-month sentence. The court granted defendant's request and entered the *nunc pro tunc* order on April 3, 1998, effectively shortening defendant's sentence by over 25 months. The state appeals from that amended judgment. *See* ORS 138.060(5).[1]

1. Before the filing of either brief, the state moves for a determination of jurisdiction, ORS 19.235(3),[2] raising the

---

[1] ORS 138.060(5) provides:

"The state may take an appeal from the circuit court to the Court of Appeals from:

"* * * * *

"(5) A judgment of conviction based on the sentence as provided in ORS 138.222."

[2] ORS 19.235(3) provides, in part:

"When a party by motion, the trial court by referral or the appellate court on its own motion raises the issue whether the decision is appealable, the

possibility that the appeal may be moot. The state suggests that there is, at least, an issue as to mootness because (1) defendant has now served the concurrent sentences as imposed by the *nunc pro tunc* order; and (2) he has been released to the Immigration and Naturalization Service (INS) for deportation to Russia, his native country. The state argues, nevertheless, that defendant's release to INS does not cause the appeal to become moot even if he is deported,[3] because a decision by this court will still have a real effect on the parties' legal rights and obligations. We agree.

Determining whether a case is moot is part of a larger two-part inquiry into whether a case is justiciable. *Brumnett v. PSRB*, 315 Or 402, 405, 848 P2d 1194 (1993). The first part of that inquiry is whether a case presents a controversy between parties with adverse interests. *Id.* The second element is whether the court's decision will have a practical effect on or concerning the rights of the parties. *Id.* at 405-06. *See also Barcik v. Kubiaczyk*, 321 Or 174, 182, 895 P2d 765 (1995) (controversy involving high school seniors who challenged school district regulations regarding student publications was nonjusticiable when seniors had already graduated from the school). Cases that satisfy the first criterion for justiciability, but not the second, are moot. *Barcik*, 321 Or at 182; *Brumnett*, 315 Or at 406. Stated another way, a case becomes moot when, because of a change of circumstances before review, a judicial decision would resolve a merely abstract question rather than an actual and substantial controversy. *Goodwin v. Usher*, 103 Or App 91, 94, 795 P2d 1112, *rev den* 310 Or 547 (1990). *See, e.g., Brown v. Oregon State Bar*, 293 Or 446, 449, 648 P2d 1289 (1982) (to be justiciable, a controversy "must involve present facts as opposed to a dispute which is based on future events of a hypothetical issue").

*Kay v. David Douglas School Dist. No. 40*, 303 Or 574, 738 P2d 1389, *cert den* 484 US 1032 (1987), exemplifies

---

appellate court may make a summary determination of the appealability of the decision."

[3] At the time of the state's motion, defendant had not yet been deported, but deportation seemed imminent. We have not been informed of any further developments regarding defendant's custody status. Therefore, we assume for purposes of this opinion that defendant is still in INS custody.

that analysis. There, some high school students and a parent of a high school student sought to prevent the inclusion of a formal prayer at their high school graduation ceremony. However, before the matter reached the trial court, the graduation ceremony had already taken place. The Oregon Supreme Court held that the controversy was no longer justiciable and that the trial court had acted beyond its authority in issuing a judgment. *Id.* at 577-79. *See also Barcik*, 321 Or at 187.[4]

■     Applying those principles, this appeal is not moot. Regardless of defendant's release, our decision on the merits will still have a real effect on, or concerning, the rights of the parties. The relief the state seeks—a modification of defendant's sentence—is real and concrete, not abstract and hypothetical. That relief, if granted, will, as a matter of law, alter the state's rights and defendant's obligations under the sentence. Thus, this is not a case like *Kay*, where, because the graduation had already occurred, the court could not grant the requested relief because it could not "either mandate or enjoin an act after it has been completed." *Kay*, 303 Or at 577. To be sure, defendant's impending or actual deportation may, as a *practical* matter, render *enforcement* of our decision problematic should we conclude that the trial court erred in sentencing defendant—*viz.*, defendant may no longer be in the country and might never reenter the country. However, we will not base a decision about mootness on *speculation* that a decision on the merits may not have a practical effect.

The motion to determine jurisdiction is granted. We determine that the appeal is not moot because our adjudication of the controversy over the trial court's *nunc pro tunc* order will have a real effect on the parties' present legal rights and obligations. Therefore, the issues in the appeal are still justiciable and the appeal may proceed.

---

[4] Another good example is *Lowe v. Keisling*, 320 Or 570, 572, 889 P2d 916 (1995). In that case, the petitioners sought to prevent a measure from being placed on the ballot for a general election. By the time the case reached the Oregon Supreme Court, the election had already been held. Therefore, the court determined that the appeal was moot and dismissed the appeal. *Id. See also Oregon Republican Party v. State of Oregon*, 301 Or 437, 440-41, 722 P2d 1237 (1986) (controversy over election practices moot where election has been held); *Gorciak v. Paulus*, 47 Or App 903, 905, 615 P2d 411, *rev den* 289 Or 677 (1980) (controversy over certification of candidate moot where election has been held).

Motion to determine jurisdiction granted; jurisdiction upheld.