Argued and submitted May 7, motion to dismiss granted; appeal dismissed
October 15, 2008

In the Matter of J. S. W. and T. L. W.,
Minor Children.

STATE ex rel JUVENILE DEPARTMENT
OF WASHINGTON COUNTY,
*Respondent,*

*v.*

C. S. W. and R. L. W.,
*Appellants.*

Washington County Circuit Court
J060624, J060625; Petition Number 01J060624M;
A137143

195 P3d 408

James A. Palmer argued the cause and filed the brief for appellant C. S. W.

Patrick M. Ebbett argued the cause for appellant R. L. W. With him on the brief was Chilton, Ebbett & Galli, LLC.

Inge D. Wells, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

ORTEGA, J.

**ORTEGA, J.**

■    In this juvenile dependency case, parents appeal from a review hearing order, assigning error to the juvenile court's finding that, during a particular three-month period, the Department of Human Services (DHS) made reasonable efforts to reunify them with their children. Shortly before oral argument, the state moved to dismiss the appeal, contending that the appeal had been rendered moot by parents' reunification with their children. We agree and dismiss the appeal.

The children, J and T, were removed from parents' home in late November 2006 following allegations that mother had used excessive discipline on J and that father had failed to protect J from mother. After a contested jurisdiction hearing, the juvenile court assumed jurisdiction over the children in March 2007. Two months later, parents sought a review hearing. In the hearing, they contended that DHS had not made reasonable efforts toward reunifying the family. The court agreed, recommended that DHS take certain actions, and continued the hearing until August. That hearing was later rescheduled because mother had a pending criminal proceeding related to her discipline of J. A brief hearing occurred on September 11, 2007. However, that hearing was continued for two weeks because a new caseworker had recently been assigned to the case and was unfamiliar with it. In the interim, the caseworker held a family-decision meeting with parents, referred parents to services, and established a case plan for reunification.

At the next hearing, held on September 24, parents acknowledged that DHS had made reasonable efforts after the September 11 hearing. Nevertheless, they moved for a finding that, between June 4 and September 11, DHS had not made reasonable efforts to reunify the family. The court ruled that the entire period between June 4 and September 24 had to be considered in assessing reasonable efforts and that DHS had made reasonable efforts during that time period. Parents appeal that decision. The children were returned to parents' home in December 2007, approximately 12 months after they were first placed in substitute care.

Parents assign error to the court's September 24 reasonable efforts finding. The state responds that the September 24 order is not appealable, that the appeal is moot, and that there was sufficient evidence to establish that the agency made reasonable efforts toward reunification. Because it is dispositive, we first address the state's argument that parents' appeal is moot.

The state contends that, once the children were reunified with parents, the appeal became moot because our decision would no longer have a practical effect on the parties' rights. Parents disagree, arguing that the court's order increases the possibility that DHS will file a petition to terminate parents' rights if the children are again placed in substitute care. As support for that contention, parents rely on ORS 419B.498, which provides:

"(1) Except as provided in subsection (2) of this section, [DHS] shall simultaneously file a petition to terminate the parental rights of a child or ward's parents and identify, recruit, process and approve a qualified family for adoption if the child or ward is in the custody of the department and:

"(a) The child or ward has been in substitute care under the responsibility of the department for 15 of the most recent 22 months;

"* * * * *

"(2) The department shall file a petition to terminate the parental rights of a parent in the circumstances described in subsection (1) of this section unless:

"* * * * *

"(b) There is a compelling reason, which is documented in the case plan, for determining that filing such a petition would not be in the best interests of the child or ward. Such compelling reasons include, but are not limited to:

"* * * * *

"(C) The court * * * in a prior hearing or review determined that while the case plan was to reunify the family the department did not make reasonable efforts * * * to make it possible for the child or ward to safely return home[.]"

Parents assert that, because DHS must file a termination petition if a child has been placed in substitute care for 15 of the most recent 22 months, the agency may be forced to file a petition if J and T, who have spent 12 months in substitute care, are again placed in substitute care for an additional three months. Parents contend that, so long as the court's finding as to the disputed time frame remains in effect, DHS will be required to file a termination petition sooner than it otherwise could. According to parents, in the event that the children are again placed in substitute care, a favorable resolution in this appeal would allow them more time to rectify any of DHS's concerns, because under ORS 419B.498(2)(b)(C), DHS is not required to file a termination petition if the court determined in a prior proceeding that, although the case plan was to reunify the family, the agency did not make reasonable efforts to do so.

The question of whether a case is moot involves a two-part inquiry into whether a case is justiciable. The first part of that inquiry examines whether a case presents a controversy between parties with adverse interests. If so, the court next considers whether its decision will have a practical effect on the rights of the parties. *Barcik v. Kubiaczyk*, 321 Or 174, 182, 895 P2d 765 (1995). Stated differently, a case is moot when, because of a change of circumstances before review, a judicial decision would resolve an abstract question without any practical effect. *Goodwin v. Usher*, 103 Or App 91, 94, 795 P2d 1112, *rev den*, 310 Or 547 (1990).

It is apparent that the state and parents have adverse interests. Parents vigorously contend that DHS did not make reasonable efforts to reunify them with their children for several months. The state contends, no less vigorously, that DHS did in fact make reasonable efforts. Thus, we turn to the question whether our decision would have a practical effect on the parties' rights.

For purposes of this decision, we assume, without deciding, that the effects of ORS 419B.498(2) could constitute a practical effect on the parties' rights. However, given the length of time that children have been in parents' care since their return from substitute care, it is no longer possible for a

decision in this matter to have a practical effect on the parties' rights under that statute. As noted, DHS must—subject to some exceptions—file a termination petition if a child has remained in substitute care for 15 months of a 22-month period. *See* ORS 419B.498(1)(a). The children were placed in substitute care on November 30, 2006, and remained in care until December 2007, and parents dispute three months of the 12 months that the children were in care (June 7 to September 11, 2007). However, it is no longer possible for children to spend three months in care within the same 22-month period that they already spent in care. Further, if the 22-month period were calculated to begin in June 2007, the beginning of the disputed three-month period, it would expire in April 2009; in that event, the children would have spent six months in substitute care and would need to spend nine more months in substitute care to reach the 15 months that would require the filing of a termination petition—yet it would now be impossible for the children to spend nine months in substitute care before April 2009.

This remains true even as time passes and only a portion of the three-month period at issue is counted. So long as the children have been in parents' custody for more than seven of the previous 22 months, DHS cannot rely on ORS 419B.498(1)(a) as the basis for filing a termination petition. Because the children have spent approximately 10 months in parents' care since their return from substitute care, it is impossible for them to be in substitute care for 15 months of any 22-month period that includes the disputed time period. Accordingly, a decision in this matter would neither affect DHS's obligation to file a termination petition under ORS 419B.498(1)(a) nor allow parents more time to rectify the department's concern in the event that the children are again placed in substitute care. Parents have not identified any other practical effect that the court's order could have on their rights.

Motion to dismiss granted; appeal dismissed.