NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite a memorandum decision in a brief or at oral argument should review Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| ELIZABETH R. LESTENKOF, | ) | |
| | ) | Supreme Court No. S-14081 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-02-03972 CI |
| v. | ) | |
| | ) | <u>MEMORANDUM OPINION</u> |
| BARRY P. LESTENKOF, SR., | ) | <u>AND JUDGMENT</u>* |
| | ) | |
| Appellee. | ) | No. 1420 - June 6, 2012 |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, William F. Morse, Judge.

Appearances: Elizabeth R. Lestenkof, pro se, Aberdeen, South Dakota, Appellant. No appearance for Appellee.

Before: Carpeneti, Chief Justice, Fabe, Winfree, and Stowers, Justices. [Christen, Justice, not participating.]

1. Barry and Elizabeth Lestenkof divorced in 2003 and, based on their settlement agreement, Barry was awarded sole legal custody and primary physical custody over their three children. Despite the settlement, the parties continued to litigate child custody, visitation, and child support issues.

2. After disputes about summer visitation in 2009 and 2010, Elizabeth moved for modification of custody and for visitation-interference damages. The superior

_____

\*      Entered pursuant to Appellate Rule 214.

court considered the parties' testimony and arguments, and a child custody investigator's report, and concluded Elizabeth had not demonstrated a substantial change in circumstances to warrant consideration of a custody change, and even if she had, it was not in the best interests of the children to change custody at that time. The superior court found that Elizabeth had failed to timely return two children to Barry after the 2009 summer visitation and awarded Barry $400 in damages under AS 25.20.140;[1] the court found that Barry had failed to timely send the two children to Elizabeth for summer 2010 visitation and awarded Elizabeth $400 in damages under the same statute. The court refused to award damages to Elizabeth for the eldest child's refusal to visit Elizabeth in the summer of 2010; the court stated the eldest child (a teenager) did not want a relationship with Elizabeth and the court would not order visitation. The court suspended Elizabeth's payment on the condition that she timely return the other two

---

[1] AS 25.20.140 provides in relevant part:

(a) When . . . a custodian of a minor child . . . fails, wilfully and without just excuse, to permit visitation with the child in substantial conformance with [a] court order, the person entitled to visitation has a separate cause of action against the custodian for damages.

(b) The amount of damages . . . is $200 for each failure . . . [and] may not be increased or decreased once liability has been established. The custodian is not liable for more than one failure in respect to what is, under the court order, a single continuous period of visitation. . . .

The statute includes the following definitions:

(2) "custodian" means a natural person who has been awarded custody, either temporary or permanent, of a minor child;

(3) "just excuse" . . . does not include the wish of the child not to have visitation with the person entitled to it.

children from the upcoming 2010 Christmas visitation.

3.     Elizabeth appealed, arguing that the superior court erred in: (1) failing to modify custody; (2) awarding visitation damages in favor of Barry under AS 25.20.140 because that statute applies only to the custodial parent interfering with the non-custodial parent's visitation; and (3) failing to award her damages for the eldest child's failure to participate in the 2007 through 2010 summer visitations.

4.     Because the Christmas 2010 visitation period was complete before we considered this appeal, we asked the parties to advise whether Elizabeth complied with the visitation order and therefore was not required to pay the $400 assessed against her.  Elizabeth advised that:  (1) only one child came to visit her at Christmas 2010; (2) Barry did not send travel money for that child's return; (3) the superior court subsequently issued new child custody orders in response to Elizabeth's new motion to modify custody; and (4) she had not been required to pay the $400.  Barry did not respond.

5.     We have reviewed the record and conclude that the superior court did not abuse its discretion in declining to modify custody in October 2010, although it appears Elizabeth's appeal of that decision is nonetheless moot because it has been superseded by two custody modification hearings and the ensuing unappealed custody orders.

6.     It appears Elizabeth complied with her Christmas 2010 visitation obligations and was not required to pay any visitation damages, and her appeal of the award against her is thus moot and does not need to be decided; we therefore vacate the damages award against her.[2]

---

[2]     *See Camreta v. Greene*, 131 S. Ct. 2020, 2035 (2011) ("The point of vacatur is to protect an unreviewable decision 'from spawning any legal consequences,' so that no party is harmed by what we have called a 'preliminary' adjudication." (quoting

7.    The visitation damages provisions of AS 25.20.140 are merely an expression of the court's inherent contempt powers,[3] reviewed for abuse of discretion,[4] and we affirm the superior court's refusal to award damages for the eldest daughter's refusal to make summer visits to Elizabeth in 2007 through 2010. Although the statute suggests that visitation damages may be assessed even if the failed visitation was "the wish of the child not to have visitation with the person entitled to it,"[5] we do not believe the legislature intended to force visitation when it is not in the best interests of the child.[6] The facts and circumstances of this case support the superior court's implicit finding that it was not in the eldest child's best interests to force her to spend the summer with Elizabeth.

---

*United States v. Munsingwear, Inc.*, 340 U.S. 36, 40-41 (1950))); *Peter A. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 146 P.3d 991, 995 (Alaska 2006) (finding equity requires vacatur of challenged order when prevailing party's unilateral actions below resulted in issue becoming moot); *City of Valdez v. Gavora, Inc.*, 692 P.2d 959, 960-61 (Alaska 1984) (per curiam) (vacating judgment because it was moot and to prevent it having later legal effect).

[3]    *Cont'l Ins. Cos. v. Bayless & Roberts, Inc.*, 548 P.2d 398, 408 (Alaska 1976) ("The contempt power has been consistently recognized by American courts to be an inherent power of the judiciary.")

[4]    *Stuart v. Whaler's Cove, Inc.*, 144 P.3d 467, 469 (Alaska 2006) ("[A] superior court's decision not to hold a party in contempt is committed to the court's discretion and is one to which we will accord considerable deference.").

[5]    AS 25.20.140(c)(3) (" 'just excuse' . . . does not include the wish of the child not to have visitation with the person entitled to it.").

[6]    *Cf. Cont'l Ins. Cos.*, 548 P.2d at 410-11 (stating that statutes "which endeavor to limit the necessary contempt powers of the Alaska superior and supreme courts are not binding. Nevertheless, [they] should be given effect as a matter of comity unless they fetter the efficient operation of the courts or impair their ability to uphold their dignity and authority.").