NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

# THE SUPREME COURT OF THE STATE OF ALASKA

COLUM F.,

              Appellant,

v.

STATE OF ALASKA, DEPARTMENT
OF FAMILY & COMMUNITY
SERVICES, OFFICE OF CHILDREN'S
SERVICES,

              Appellee.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Supreme Court No. S-18664

Superior Court Nos. 4FA-21-00108/00109 CN (Consolidated)

MEMORANDUM OPINION
AND JUDGMENT*

No. 2003 – January 3, 2024

Appeal from the Superior Court of the State of Alaska, Fourth Judicial District, Fairbanks, Brent E. Bennett, Judge.

Appearances: Megan R. Webb, Assistant Public Defender, and Samantha Cherot, Public Defender, Anchorage, for Appellant. Laura Wolff, Assistant Attorney General, Anchorage, and Treg R. Taylor, Attorney General, Juneau, for Appellee. Katrina R. Larsen, Law Office of Katrina Larsen, LLC, Ketchikan, for Appellee Abigail A. Nikole V. Schick, Assistant Public Advocate, Fairbanks, and James Stinson, Public Advocate, Anchorage, for Guardian Ad Litem.

Before: Maassen, Chief Justice, and Carney, Borghesan, Henderson, and Pate, Justices.

---

\*      Entered under Alaska Appellate Rule 214.

# I. INTRODUCTION

A father appeals the entry of a disposition order in a child in need of aid (CINA) proceeding. He argues that the superior court denied him due process by preventing him from calling witnesses at the disposition review hearing. While the case was on appeal the superior court released the children to their parents' custody and closed the case. Although the appeal is moot, the father argues we should elect to hear the appeal under either the collateral consequences or the public interest exception to the mootness doctrine. But neither exception applies. We therefore dismiss this appeal.

# II. FACTS AND PROCEEDINGS

Colum F. is the father of Magnus and Silus.[1] Magnus and Silus's mother Abigail stipulated that both children were in need of aid because of her substance abuse. After taking proffers of testimony at a disposition hearing, the superior court declined to grant a continuance to allow Colum to present his proposed witnesses.

The superior court issued a combined adjudication and disposition order. Based on the stipulations of both parents, the court found both children were in need of aid. The court concluded that it was in the children's best interests to remain in the physical custody of both parents on an alternating week-on, week-off trial home visit supervised by OCS.

Colum appeals the superior court's disposition order, arguing that the court violated his due process rights by declining to continue the trial to allow him to call witnesses. He requests that the disposition order be vacated and the case remanded for further proceedings so that he may present witnesses. After Colum filed his opening brief on appeal, OCS filed an unopposed motion in the superior court to release custody

---

[1] We use pseudonyms to protect the family's privacy.

and close the case. The superior court subsequently issued an order releasing the children to the custody of their parents and closing the CINA case.[2]

## III. DISCUSSION

The disposition order Colum challenges on appeal is no longer in effect, so any challenge to its substance is moot.[3] A claim is moot when "it has lost its character as a present, live controversy."[4] Framed differently, a claim becomes moot when "the party bringing the action would not be entitled to any relief" even if he were to prevail.[5] Here, the CINA case is closed and the children have been released to the custody of their parents, so Colum would receive no relief even if he were to prevail.[6] Colum does not argue that his appeal presents a live controversy, and instead urges us to consider his arguments under either the collateral consequences or public interest exceptions to mootness.

Colum first argues we should apply the collateral consequences exception to mootness.[7] But there are no collateral consequences for Colum meriting our review in this case. The children were adjudicated in need of aid based on the stipulations of both parents to Abigail's substance abuse, not Colum's behavior. Colum thus will not

---

[2]    We take judicial notice of the order closing the case. Alaska R. Evid. 201. The case remained open to resolve a motion about child support; that motion has since been resolved and the CINA case has been closed.

[3]    Mootness presents a question of law to which we apply our independent judgment. *Reed S. v. State, Dep't of Health & Soc. Servs., Off. of Child.'s Servs.*, 522 P.3d 182, 187 (Alaska 2022) (citing *Peter A. v. State, Dep't of Health & Soc. Servs., Off. of Child.'s Servs.*, 146 P.3d 991, 993-94 (Alaska 2006)).

[4]    *Id.* at 188 (quoting *Peter A.*, 146 P.3d at 994).

[5]    *Id.* (quoting *Peter A.*, 146 P.3d at 994).

[6]    *See Peter A.*, 146 P.3d at 994 (noting adjudication order had no "direct legal effect" on father after superior court dismissed case).

[7]    *See Reed S.*, 522 P.3d at 188 (noting collateral consequences exception "allows us to hear an otherwise moot case on the merits").

face any of the consequences that apply to parents responsible for the CINA status of their children. While Colum suggests the superior court's findings may have collateral consequences in child custody proceedings, his inability to obtain review of the superior court's decisions on appeal means these findings will not have preclusive effect.[8] Thus Colum would be free to relitigate the facts underlying the court's findings in another case.

Colum also suggests the public interest exception to mootness should apply. This exception allows courts to adjudicate "issues whose importance and ability to evade review justify an immediate decision, despite technical mootness."[9] To decide whether to hear a moot appeal under this exception, "we consider three factors: (1) whether the disputed issues are capable of repetition, (2) whether the mootness doctrine, if applied, may cause review of the issues to be repeatedly circumvented, and (3) whether the issues presented are so important to the public interest as to justify overriding the mootness doctrine."[10] "We weigh each of these factors in our discretion to determine whether to hear the case; none of the factors is dispositive."[11]

On balance these factors weigh against review in this case. The question of whether there is a due process right to call witnesses at a disposition hearing may arise again,[12] and the public has an obvious interest in the procedural fairness of such

---

[8] *See Violet C. v. State, Dep't of Health & Soc. Servs., Off. of Child.'s Servs.*, 436 P.3d 1032, 1037 (Alaska 2019).

[9] *Taylor v. Alaska Legis. Affs. Agency*, 529 P.3d 1146, 1153 (Alaska 2023) (quoting *Legis. Council v. Knowles*, 988 P.2d 604, 606 (Alaska 1999)).

[10] *J.P. v. State, Dep't of Health & Soc. Servs., Off. of Child.'s Servs.*, 506 P.3d 3, 6 (Alaska 2022) (citing *Peter A.*, 146 P.3d at 996).

[11] *Id.* (quoting *Peter A.*, 146 P.3d at 996).

[12] *Cf. Jennifer L. v. State, Dep't of Health & Soc. Servs., Off. of Child.'s Servs.*, 357 P.3d 110, 114 (Alaska 2015) (noting this factor was met where resolution of issue could "affect a number of pending and future CINA cases").

hearings.[13]  But Colum has not established that this issue is likely to repeatedly evade appellate review.  This appeal became moot after the superior court closed the underlying case.  Although Colum points out that the procedural framework of CINA cases means "OCS has an avenue through which it can moot the appeal and preclude appellate review," there is no evidence that OCS has a practice of closing cases in which litigants raise similar due process arguments on appeal.  We therefore decline to consider the merits of this moot appeal.

We have adopted the federal practice for disposal of moot claims.[14]  Under that rule, vacatur is "generally automatic" when a case becomes moot on appeal, unless "the party seeking appellate relief fails to protect itself or is the cause of subsequent mootness."[15]  OCS, not Colum, moved to close the case while Colum's appeal was pending.  Under these circumstances, principles of equity typically require vacatur of the challenged order.[16]  Courts must, however, "take account of the public interest"

---

[13]    *See Copeland v. Ballard*, 210 P.3d 1197, 1202-03 (Alaska 2009) (observing this factor can support review in cases involving procedural due process).

[14]    *City of Valdez v. Gavora, Inc.*, 692 P.2d 959, 960 (Alaska 1984).

[15]    *NASD Disp. Res., Inc. v. Jud. Council of Cal.*, 488 F.3d 1065, 1068-69 (9th Cir. 2007).

[16]    *See Peter A.*, 146 P.3d at 995; *see also Reed S. v. State, Dep't of Health & Soc. Servs., Off. of Children's Servs.*, 522 P.3d 182, 188 (Alaska 2022) (noting " 'happenstance' [is] integral to the 'equitable tradition of vacatur' " (quoting *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 25 (1994))); *All. for the Wild Rockies v. U.S. Forest Serv.*, 907 F.3d 1105, 1121 (9th Cir. 2018) (finding "no reason not to vacate the lower court's decision" where "mootness was not caused by the [appellant] in an attempt to evade an adverse decision").  This rule applies even in the absence of any obvious collateral consequences of the decision below.  *See Am. Fam. Life Assurance Co. of Columbus v. FCC*, 129 F.3d 625, 631 (D.C. Cir. 1997) (vacating where doing so removed "remote possibility of residual collateral harm").

before vacating a judgment,[17] and "partial vacatur of a lower opinion can be appropriate."[18]

We decline to vacate the court's adjudication finding because the adjudication might have statutory consequences for the responsible parent, Abigail, and she does not appeal the adjudication. We also decline to vacate the court's reasonable efforts finding because that finding may assist OCS in obtaining federal funds for services provided.

However, we grant Column's request to vacate finding no. 4 of the superior court's Findings of Fact and Conclusions of Law, finding a 50/50 custodial split was in the children's best interests, and orders nos. 2, 3, and 4 of the disposition order, requiring the parents to participate in family services, facilitate engagement in services, and provide notice to service providers. These provisions are no longer in effect and OCS does not oppose vacatur.

## IV.   CONCLUSION

This appeal is DISMISSED. We VACATE finding no. 4 of the Findings of Fact and Conclusions of Law and orders nos. 2, 3, and 4 of the disposition order.

---

[17]   *U.S. Bancorp*, 513 U.S. at 26.

[18]   *City & Cnty. of San Francisco v. Garland*, 42 F.4th 1078, 1088 (9th Cir. 2022).